## CATHERINE ZABRISKIE, EXECUTRIX, v. ERIE RAILROAD COMPANY.

Submitted July 3, 1913—Decided November 5, 1913.

Where defendant's employe during the hours of his work found it necessary to resort to a toilet upon defendant's premises, but so located as to make it necessary for him to cross the defendant's railroad tracks to reach it, in doing which he was struck by an automobile at the public crossing, and thrown by it upon the tracks, where he was subsequently struck by one of defendant's trains, receiving injuries from which he died—*Held*, that the accident arose out of and in the course of the employment of the deceased.

---

On *certiorari* to Passaic Common Pleas.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the plaintiff, *Charles B. Dunn* and *Michael Dunn*.

For the defendant, *Collins & Corbin* and *George S. Hobart*.

The opinion of the court was delivered by

MINTURN, J. The judgment of the Passaic Common Pleas in favor of the plaintiff and against the defendant, presenting

the question of the liability of defendant for the death of the plaintiff, is before us for review upon this writ.

The circumstances as evolved from the testimony show that the plaintiff at the time of his death was employed as a carpenter by the defendant, at its shop in Paterson. About eleven o'clock in the forenoon he left the shop to go to the toilet provided by the defendant for the general public in the railroad station on Market street, and which was the only toilet provided by it for its workmen in the shop in which this decedent was employed. To get to it the men were obliged to cross the defendant's tracks at Market street, which were protected by gates, operated by a man at the crossing. Upon this occasion the gates were up, indicating to the traveling public that the tracks were clear of immediate danger.

The deceased while in the act of crossing the tracks was struck by a passing automobile and thrown upon the westbound track upon which at that moment a train was leaving the Market street station. Before he could recover his senses the train struck him on the head, and threw him alongside the track where he was picked up in an unconscious condition, with a lacerated scalp and his right ear torn from the head. As a result of these injuries he died.

The Court of Common Pleas found as a fact from these circumstances that the accident arose out of and in the course of the employment of the deceased, and consequently subjected this defendant to liability under the statute.

The legal correctness of this finding is the question before us. The case presents a question of practical construction of the Employers' Liability act (*Pamph. L.* 1911, *p.* 134) and the precise inquiry is whether the accident in the language of the act was one "arising out of and in the course" of the decedent's employment.

We are referred to cases from other jurisdictions, notably from the English and Irish courts, where the construction put upon language contained in an act of parliament substantially similar to that involved here, it is claimed would preclude recovery in the case at bar. But the construction of our act is not *res nova* in this jurisdiction, and in this court.

In *Bryant* v. *Fissell,* 55 *Vroom* 72, this court held, Mr. Justice Trenchard writing the opinion, that an accident "arises in the course of the employment if it occurs while the employe is doing what a man so employed may reasonably do within a time during which he is employed, and at a place where he may reasonably be during that time;" and the concrete conclusion as applied to that case was that "an accident arises out of the employment where it is something the risk of which might have been contemplated by a reasonable person when entering the employment as incident to it."

In view of the fact that the public toilet at the Market street station was the only toilet provided for its workmen by the defendant, it must be held that when it employed its workmen in this particular shop it contemplated as did the workmen themselves, that when the occasion arose the men would of necessity resort to it.

Not only must the defendant be held to so have contemplated, but the testimony in the case makes it manifest that the continued practice of the operatives in the shop, presumptively with the knowledge and consent of the defendant, was to temporarily leave their employment when the necessity arose, and make use of the toilet in question, since it was the only convenience of that character at that place supplied by the defendant for the use of its employes.

Therefore, we must conclude that it was within the contemplation of both parties to the employment, that such an exigency was an incident which, *ex necessitate,* inhered in the terms of the contract, and for the damages arising out of which the defendant must respond, within the contemplation of the statute.

The judgment under consideration will therefore be affirmed, with costs.