Steve Knopp, Appellee, v. American Car and Foundry Company, Appellant.

Master and servant, § 98a*—*when servant is injured in the course of employment under Workmen's Compensation Act.* Where a workman while engaged with others in operating a trip hammer attempted to remove a tin can placed on the lower die by a bystander and his hand was crushed, *held* that the injury sustained arose out of and in the course of his employment within the meaning of section 1 of the Workmen's Compensation Act, in force May 1, 1912, J. & A. ¶ 5449, though the bystander placed the can on the die for fun, it appearing that the workman took no part in the fun but proceeded to clear the die of the obstruction so that he could continue the work.

Appeal from the Circuit Court of Madison county; the Hon. William E. Hadley, Judge, presiding. Heard in this court at the October term, 1913. Affirmed as modified. Opinion filed May 1, 1914.

D. E. Keefe, for appellant.

W. L. Coley and A. R. Johnson, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This was an appeal from a proceeding arising under the Employers' Liability Act in force May 1, 1912.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

(J. & A. ¶¶ 5449 *et seq.*) Steve Knopp, appellee, while working for appellant Company had his right hand so badly mashed by a trip hammer that it had to be amputated. Appellee presented a petition for an arbitration and each party having selected an arbitrator, the County Court at their request selected a third, thus forming a board to arbitrate the matter in accordance with the provisions of said act. From their award an appeal was taken to the Circuit Court of Madison county, where the case was heard by the court without a jury and an order entered finding appellee was entitled to compensation to be paid by appellant at the rate of $5.25 a week for a period of eight years. It is conceded on this appeal that the court erred in the amount of the award allowed and it is agreed that the proper amount should be $2.85 a week instead of $5.25 and appellant consents that if this court finds appellant is liable to pay compensation under the facts in the case to appellee and that the finding of the court below in that respect be affirmed, judgment may be entered here for the correct amount.

Section 1 of the statute (J. & A. ¶ 5449), under which this proceeding was instituted, provides for the payment of compensation by an employer "for injuries sustained by an employe arising out of and in the course of the employment," and the only question presented to us on this appeal is whether or not the injury to appellee arose out of and in the course of the employment in which he was engaged.

The circumstances surrounding and leading up to the injury appear from the proofs to be as follows: Four persons, Tom Dubish, who had charge of the work, an Italian whose name was not known, appellee and a boy, were on December 2, 1912, engaged in operating a trip hammer in appellant's manufacturing works at Madison, Illinois, straightening rods. The rods which were ten to sixteen feet long were picked up by Dubish and the Italian and placed under the trip hammer in order that any bends or crooks there might

be therein could be straightened out. The trip hammer had a lower stationary die about twelve to fourteen inches square, and above this was a movable die that came down on it with great force when tripped by a lever which was operated by the boy on a signal from Dubish. It was the duty of appellee when the rod was placed under the lower die to steady the same with a piece of hoop iron about thirty inches in length which he held in his hand, so that the part of the rod which was crooked or bent would be directly under the upper die and thus receive the blow or impact when it descended. If there was more than one crooked place in the rod it would be shifted from point to point on the lower die and appellee would continue to hold it in place while the upper die descended and the rod was straightened. While, on the date mentioned, the four were engaged in performing their duties as aforesaid, another workman, Mike Novak, who was employed at a drill some twenty or thirty feet away and was not working in connection with the party at the trip hammer, "Just to have some fun," as he testified, stepped up and put a tin can on the lower die, where it would be struck by the upper one when it descended. Appellee was in reach of the can and knocked it off with his stick and shortly afterwards Novak put it back again and ran away. This time appellee attempted to knock off the can with his hand and while so doing the upper die descended, his hand was crushed and the injury resulted in the amputation of the same at the wrist.

The question is whether appellee was at the time he removed the can attending to duties arising out of and in the course of his employment. There are no precedents guiding us in the reported opinions of this State in the determination of this question, by reason of the fact that the law under which this proceeding is brought was so recently enacted. In England, however, where a law containing a similar provision to that in question here has been in force since 1897, an

opportunity has been given for the construction of many of its provisions by the courts. Appellant refers to a number of these cases as sustaining his position that the injury to appellee was not received in the course of his employment. A consideration of the cases referred to, however, plainly shows that there can be no inflexible rule governing this question, but that each case must depend upon the circumstances attending it. In this case, appellee at the time he was injured was engaged in attending to his ordinary duties, the prosecution of which would necessarily require him to remove any obstacle which might at any time be upon the lower die, regardless of the manner in which it came there. Had appellee, on going to work in the morning, found something on the lower die which interfered with his work, it would no doubt have been his duty to remove it, and if injured in doing so he would properly be entitled to the protection of this law. How can his rights be effected by the fact that the man who placed the can on the die says he did so "just to have some fun." So far as the proper continuance of the work was concerned, it was immaterial whether the obstruction was placed there by Novak for fun or was placed there by some one by mistake or came there through some accident. Had Knopp been engaged in joking with Novak or playing with him and in carrying on their pranks, Novak would put the can on the die and Knoop remove it, both entering into the spirit of the transaction in concert, it may be that appellee could not be held to have received his injury in the course of his employment. But in this case appellee took no part in the joking himself, but proceeded to clear the die of the obstruction upon it so that he could continue the work he was employed by appellant to do, and what he did was for the benefit of his employer.

The proofs appear to us to show plainly that the injury sustained by appellee arose out of and in the course of his employment and that he is entitled to the

benefit of the law under which the proceedings were brought.

The judgment of the court below sustaining the claim of appellee is hereby affirmed, and by consent of the parties the same is modified here so as to provide for compensation at the rate of $2.85 a week instead of $5.25 a week as fixed in the court below. The judgment will further provide that appellant pay the costs of this suit.

*Judgment affirmed as modified.*