ANNIE E. HULLEY, PETITIONER-RESPONDENT, v. HERMAN F. MOOSBRUGGER, DEFENDANT-PROSECUTOR.

Argued June 2, 1914—Decided February 19, 1915.

A workman in his master's shop, while passing a fellow workman, dodged to escape a swing of the arm of the fellow workman, made in the spirit of play, and in so dodging he slipped, fell and sustained injuries which caused his death. *Held*, that while at common law the master would not have been liable for such negligence of a fellow-servant, the accident was the result of a risk reasonably incident to the employment for which the master is liable under the Workmen's Compensation act.

On *certiorari* to the Somerset Court of Common Pleas.

Before Justices SWAYZE, PARKER and KALISCH.

For the petitioner-respondent, *Clarence E. Case.*

For the defendant-prosecutor, *Arthur F. Egner.*

The opinion of the court was delivered by

KALISCH, J.   William Hulley, a journeyman plumber, the petitioner's decedent, was in the employ of the prosecutor, a master plumber.   On the 17th day of September, 1913, the decedent was doing a plumbing job for his master in a dwelling-house, the completion of which job required some fittings that were contained in a bin in his employer's shop. At five o'clock in the afternoon the decedent quit work and went to his employer's shop and while on his way to the bin for the fittings to be used on the job in which he was engaged, a fellow workman, in a spirit of play, whom the deceased was passing, swung his arm around, either to knock off decedent's hat or to strike him, whereupon the decedent, in dodging the attack, slipped on the descending concrete floor, fell, and sustained injuries which caused his death.

The single question presented and argued in the brief of counsel of the prosecutor, is, whether the facts found by the trial judge warranted a finding that the accident arose out of the decedent's employment.   We think that it did.

The principle to be extracted from the adjudicated cases in this state appears to be, that where the accident is the result of a risk reasonably incident to the employment it is an accident arising out of the employment.   *Bryant, Admx.,* v. *Fissell,* 84 *N. J. L.* 72; *Zabriskie* v. *Erie Railroad Co.,* 85 *Id.* 157; *affirmed on appeal,* 86 *Id.* 266; *Terlecki* v. *Strauss et al.,* 85 *Id.* 454; *affirmed on appeal,* 86 *Id.* 708.   See, also, *In re Employers' Liability Assurance Corporation, Limited,* 215 *Mass.* 497; 102 *N. E. Rep.* 697.

The trial judge found, as a fact, that the decedent did nothing to invite the attack, and it is not denied that the decedent was acting at the time within the scope of his employment.

It is a matter of no consequence whether or not the workman at the time he made the attack was acting within the scope of his employment. In the Zabriskie case, *supra,* it appeared that the servant, with the master's knowledge, was compelled to cross a public street in going from the shop where he worked to a toilet, and while he was crossing the street, he was struck by an automobile, and it was held, that the accident was the result of a risk reasonably incident to the employment, for which the master was liable.

In the case under consideration, it appears that the prosecutor employed young men and boys. It is but natural to expect them to deport themselves as young men and boys, replete with the activities of life and health. For workmen of that age or even of maturer years to indulge in a moment's diversion from work to joke with or play a prank upon a fellow workman, is a matter of common knowledge to everyone who employs labor. At any rate, it cannot be said that the attack made upon the decedent was so disconnected from the decedent's employment as to take it out of the class of risks reasonably incident to the employment of labor.

At common law the master was not liable for an injury to his servant caused by the negligent act of a fellow-servant upon the ground that the servant assumed the risk. Under the Workmen's Compensation act, the master assumes all risks reasonably incident to the employment.

It was a negligent act of the fellow workman to make a pass at the decedent while passing him on the slant of the concrete floor, and for such negligence the master would not have been liable at common law, not upon the theory that it was not a risk reasonably incident to the employment, but upon the ground that it was risk which the servant assumed when he entered into his master's employ.

Judgment will be affirmed, with costs.