Appeal from Special Term, Broome County.

Action by Veronica Metera, as administratrix, etc., of Stanislov Metera, deceased, against the Foster Paving Block Company. From an order requiring an examination of two of defendant's officers before trial, and of complainant's electrical expert at defendant's plant, with permission to such expert, plaintiff's counsel, and the referee to make an examination of the plant, defendant appeals. Order reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

William H. Foster, of Syracuse (Hinman, Howard & Kattell, of Binghamton, of counsel), for appellant.

Charles R. Stewart, of Binghamton, for respondent.

---

### DE FILIPPIS v. FALKENBERG et al. (No. 253/70.)

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

1. MASTER AND SERVANT ⬿87½, New, vol. 16 Key-No. Series—INJURIES TO SERVANTS—WORKMEN'S COMPENSATION LAW—"ACCIDENTAL INJURY."

Where claimant employé went to a toilet room, and there felt something strike her on the shoulder, whereupon she looked through an aperture into the next room, and another employé thrust scissors through the aperture and into claimant's eye, destroying the sight, the injury is accidental, since it was unlooked for, and not designed by either employé.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accidental.]

**2. MASTER AND SERVANT** ⊚⊐87½, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—WORKMEN'S COMPENSATION LAW—"COURSE OF EMPLOYMENT."

In such a case, the injury is in the course of claimant's employment, since her presence in the toilet was reasonably incidental to and within the scope of her employment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Course of Employment.]

**3. MASTER AND SERVANT** ⊚⊐87½, New, vol. 16 Key-No. Series—INJURIES TO SERVANTS—WORKMEN'S COMPENSATION LAW—"ARISING OUT OF EMPLOYMENT."

Where claimant employé went to a toilet room, and there felt something strike her on the shoulder, whereupon she looked through an aperture into the next room, and another employé thrust scissors through the aperture and into claimant's eye, destroying the sight, the injury does not arise out of the employment, not being reasonably incidental to it, nor a peril in the service.

**4. STATUTES** ⊚⊐226—CONSTRUCTION—PRIOR CONSTRUCTION.

Where words of a statute are borrowed from another sovereignty, the adopters being familiar with decisions thereunder, such decisions should be given consideration in construing the statute by the adopting state.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 307; Dec. Dig. ⊚⊐226.]

Kellogg and Woodward, JJ., dissenting.

Appeal from Workmen's Compensation Commission.

Proceedings by Millie De Filippis to obtain compensation for personal injuries under the Workmen's Compensation Act (Consol. Laws, c. 67), opposed by Charles Falkenberg, employer, and the Commercial Casualty Insurance Company, insurer. From an award in favor of the claimant, the employer and insurer appeal. Reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Otto D. Parker, of New York City (Henry Siegrist, of New York City, of counsel), for appellants.

Egburt E. Woodbury, Atty. Gen. (E. C. Aiken, Deputy Atty. Gen., of counsel), for respondent.

Jeremiah F. Connor, of New York City, for State Industrial Commission.

LYON, J. The questions presented by this appeal are whether the injuries sustained by the claimant were accidental injuries, and, if so, whether they were injuries "arising out of" her employment, within the intent of the Workmen's Compensation Law.

[1, 2] The claimant, a girl 15 years of age, was employed as an operator of a buttonhole machine in the manufacture of shirts and pajamas. Connected with the factory were two adjoining toilet rooms having a partition between them. The Commission has found, upon somewhat contradictory evidence, that:

"At about 2 o'clock in the afternoon, Millie De Filippis went to the toilet, and she was struck on the arm by something, and looked through a crack to see where the article had come from, when a girl in the adjoining toilet

⊚⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

thrust some scissors in the crack into her eye, causing a loss of 75 per cent. of the vision of right eye, and the consequent loss of the use of the eye. * * * The injuries to Millie De Filippis were accidental injuries, and arose out of and in the course of her employment. * * *"

I think the occurrence was properly held to have been accidental. Trim Joint District School v. Kelly, 7 B. W. C. C. 274, 30 T. L. R. 452. The event was unlooked for, and not designed or expected by either girl, and within the popular and ordinary use of the word was an accident. I think, also, that the injury arose in the course of her employment. But can the injury be said to have "arisen out of" the employment of the claimant? Undoubtedly, while accepting the conveniences of the toilet, the claimant was still in the employ of the master. Houston & T. C. R. Co. v. Turner, 99 Tex. 547, 91 S. W. 562; Elliott v. Rex, 6 W. C. C. 27; Zabriskie v. Erie R. Co., 85 N. J. Law, 157, 88 Atl. 824. Her being there was reasonably incidental to and within the scope of her employment. It was in the interest of her employer, as well as of herself, that she should be able to continue her work without physical inconvenience.

[3] Had an accidental injury resulted from the condition of the room or of the toilet appliances, the injury might properly have been held to have arisen out of the employment. In fact, had there been a nail or a scissors blade imbedded in the wood, and projecting from the side of the partition, which accidentally injured her eye as she turned to see what touched her, I think the injury would have been incidental to the use of the room for toilet purposes, and claimant entitled to an award. However, the injury resulted solely from the sportive act of a co-worker, who was in no way representing the master, and which act in no way grew out of or was connected with the employment. A test spoken of in the case of Plumb v. Cobden Flour Mills Co., Ltd., 7 B. W. C. C. 1, as a sound and convenient test in determining whether the injury arose out of the employment, is whether it is in the scope or sphere of the employment. The injury in the case at bar was not a peril of the service, nor was it reasonably incidental to the employment. It was not an assault which had its origin in the nature of the employment, nor was in any way whatever connected with the master's work. In McNicol v. Patterson, Wilde & Co., 215 Mass. 497, 102 N. E. 697, the court said:

An injury arising out of "the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury, * * * if the injury can be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation, as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment."

In the case at bar there was no causal connection between the work and the injury resulting from the independent affirmative act of a co-worker. The following are some of the cases bearing upon the subject:

Where an employé lost the sight of one eye when a fellow employé came from another room, pointed a toy camera at him, and before he

could protect himself discharged the spring protectile, which struck him in the eye, held, that the accident did not arise out of the employment, and that the ·claim for compensation should be denied. California Industrial Commission, June 16, 1915, Fishering v. Daly Bros. and Royal Indemnity Co.

A. maliciously threw a piece of iron at B., but struck the eye of C., who was at work. Held, that the accident to C. did not arise out of and in the course of his employment. Armitage v. Lancashire & Yorkshire Ry. Co., 4 W. C. C. 5.

Some workmen as a practical joke put a hook of their employer's crane, which they were working, through the neck cloth of a fellow workman, who was at the time engaged in his work on his employer's wharf, and commenced to draw him up through the warehouse. The man held the chains with his hands as long as he could, but eventually had to let go his hold, and fell a considerable distance, and was seriously injured. Held, that the injury did not arise out of the employment. , Fitzgerald v. Clarke & Son, 1 B. W. C. C. 197, 2 K. B. 796, 99 L. T. 101.

·Several boys were employed picking stones and bats out of coal running past on a belt. It was their duty to throw these into a cart near by. One boy maliciously threw a stone at another, and so injured him that his eye had to be removed. There was a notice posted up prohibiting the throwing of stones, but no direct evidence that the boys were in the habit of throwing stones at each other. Held, the accident did not arise out of the employment. Clayton v. Hardwick Colliery Co., 7 B. W. C. C. 643.

A domestic servant, while engaged in the performance of her duties, was struck on the eye by a child's ball playfully thrown at her by a fellow servant, the child's nurse, with the result that she almost completely lost the sight of the eye. Held, that the accident was not one arising out of the employment within the meaning of the Workmen's Compensation Act. Wilson v. Laing, 2 B. W. C. C. 118, 46 S. L. R. 843.

Claimant having just washed her hands, upon the completion of certain work, was struck and injured by a ball of burlap thrown in a spirit of play by one of her coemployés at another. Held, that the injury did not arise out of and in the course of the employment. Howley v. American Mu. Lia. Ins. Co., Mass. Ind. Acc. Bd., 1 Nat. Comp. Journ. (Nov. 1914).

A workman, for no apparent reason, deliberately assaulted a fellow workman, who, in trying to prevent himself falling over a moving rope, swung up his hand, which was holding a hammer, and injured the other workman's eye. Held, that the accident did not arise out of and in the course of the employment. Shaw v. The Wigan Coal & Iron Co., Ltd., 3 B. W. C. C. 81.

In the following cases, also, it was held that the injury did not arise out of the employment:

A boy, sent to clean a machine at rest, was larking with another boy, and accidentally started the machine, thereby injuring himself. Cole v. Evans et al., 4 B. W. C. C. 138.

A turner, while larking with another turner, was knocked into a lathe and injured. Wrigley v. Nasmyth, Wilson & Co., W. C. R. & Ins. Law (1913) 145.

Claimant, while employed at his bench, was struck on the knee by a block thrown by some person to him unknown, whether in jest or malice he could not say. In re Boelena, Mich. Ind. Acc. Board, 4 N. C. C. A. 855.

However, it was held in Hulley v. Moosbrugger (Supreme Court of New Jersey, Feb., 1915) 93 Atl. 79, 8 N. C. C. A. 283, that where a plumber, while passing to a bin to get fittings for a job, dodged the attack of the arm of a fellow workman, thrown out in a spirit of fun, either to knock off his hat or to strike him, and in doing so slipped and fell on the descending concrete floor, whereby he received injuries from which he died, that the accident arose out of his employment within the New Jersey Workmen's Compensation Act (Act April 4, 1911 [P. L. p. 134]). It is to be observed, however, that in this case the cause of the accident was twofold, and that it was very much owing to the descending concrete floor, and that to such extent a causal connection existed between the conditions under which the work was required to be performed and the resulting injury. It is also to be observed that the New Jersey Workmen's Compensation Act does not limit the liability to the employer to certain specified hazardous employments, as the New York act does, but that the New Jersey act covers all employments, exclusive of casual employments.

[4] As suggested in the opinion in the Newman Case, 155 N. Y. Supp. 665, decided at this term, the words "arising out of and in the course of the employment" were taken from the English Workmen's Compensation Act, with which the members of the Wainwright Commission were familiar, as they doubtless were also with the decisions under that act; hence due consideration should be given to such decisions in passing upon the construction to be given to the language in question. Bellegrade v. Union Bag & Paper Co., 90 App. Div. 577, 581, 86 N. Y. Supp. 72; 36 Cyc. 1154–1157. While the injuries suffered by the claimant must necessarily excite the sympathies of the court, the interpretation of the statute above given seems to be the necessary one, even giving the language as broad a construction as can fairly be given it. If the act be deemed unjust or unsatisfactory, the remedy is with the Legislature. The award made by the Commission must be reversed.

Award reversed, and claim dismissed.

SMITH, P. J., and HOWARD, J., concur. KELLOGG and WOODWARD, JJ., dissent.