Before State Industrial Commission, Respondent.

In the Matter of the Claim of John Laurino, Respondent, for Compensation under the Workmen's Compensation Law, v. John E. Donovan, Employer, and the Travelers Insurance Company, Insurance Carrier, Appellants.

Third Department, May 8, 1918.

**Workmen's Compensation Law — injury by explosion of percussion cap — when employee not entitled to award.**

A person employed as a chauffeur in a garage, who was injured by an explosion of a percussion cap which a fellow-servant brought upon the premises and with which he was experimenting, is not entitled to an award under the Workmen's Compensation Law, for the injury did not arise out of the employment.

John M. Kellogg, P. J., and Woodward, J., dissented.

APPEAL by the defendants, John E. Donovan and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 14th day of September, 1917.

*Amos H. Stephens* [*E. Clyde Sherwood* and *William B. Davis* of counsel], for the appellants.

No brief for the respondents.

COCHRANE, J.:

The claimant was doing his master's work. His fellow-servant, Earle, by whose act he was injured on March 2, 1917, was not in the commission of such act doing the work of the master or representing him in any sense whatever. He brought into the garage where the claimant was at work a percussion cap which he had found somewhere not on the premises of the employer, and with which he was experimenting when it exploded injuring the plaintiff. Both men were chauffeurs, and the percussion cap which occasioned the injury had nothing to do with their employment. Earle in experimenting with it was merely gratifying his curiosity. The injury, therefore, did not arise " out of " the employment. (Workmen's Compensation Law [Consol. Laws, chap. 67; Laws of 1914, chap. 41], § 10; Id. § 3, subd. 7, as amd. by Laws of 1916, chap. 622.) I do not think the case is distinguishable in principle from *Matter of De Filippis* v. *Falkenberg* (170 App. Div. 153; affd., 219 N. Y. 581) and *Matter of Saenger* v. *Locke* (220 id. 556). As stated in the case last cited: " The injury must be received as a natural incident of the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work." Such is not this case, and hence I favor a reversal.

All concurred, except JOHN M. KELLOGG, P. J., and WOODWARD, J., dissenting.

Award reversed and claim dismissed.