## TEXAS PACIFIC COAL & OIL CO. et al.
## v. FISHER et al.

No. 21663.   Opinion Filed May 19, 1931.

B. C. King and W. A. Delaney, Jr., for petitioners.

Remington Rogers, R. V. Lewis, and J. Berry King, Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court to review an award of the State Industrial Commission in favor of the claimant therein, respondent herein, awarding the respondent compensation for an accidental personal injury arising out of and in the course of his employment with the petitioner, the award being for temporary total disability, disfigurement, permanent partial loss of the vision in each eye, and permanent partial loss of the use of each hand.

The State Industrial Commission dismissed the proceeding as to the Globe Indemnity Company. Its action in so doing must be approved. The respondent testified that he never at any time had filed a claim for compensation for himself against the Globe Indemnity Company. The petitioner contends that the Globe Indemnity Company was the insurance carrier for the respondent and as such is liable, and that there is no liability on the part of the petitioner or its insurance carrier, the Texas Pacific Fidelity & Surety Company. Since no claim was made by the respondent herein against the Globe Indemnity Company, the State Industrial Commission could have done nothing other than to dismiss the proceeding as to the Globe Indemnity Company.

The record shows that W. A. Fisher, while within an oil derrick belonging to the petitioner, was burned by the ignition and explosion of the gas from the well, resulting in temporary total disability, serious and permanent disfigurement within the meaning of the statute, 20 per cent. permanent partial loss of the vision in each eye, and 30 per cent. permanent partial loss of the use of each hand. No question is raised as to the disability sustained or the award therefor, except as to the term of the temporary total disability, the attack herein being limited to the contention that the injury sustained by the respondent did not arise out of and in the course of the employment of the respondent with the petitioner, and the further contention that the period of temporary total disability as fixed by the Commission was excessive.

The record shows that the respondent and four other casing crew workmen were engaged in running casing in a well being drilled by the petitioner. At the noon hour they ceased to work for the purpose of eating dinner and while eating dinner within the derrick the accident happened.

The petitioner contends that the respondent was an independent contractor operating a casing crew. There is some evidence in the record to sustain that contention. It appears that he had procured compensation insurance with the Globe Indemnity

Company. He was called by an agent of the petitioner to bring his casing crew to perform the work. He called the men together, transported them to the location of the work, and charged them for their transportation. We cannot, however, weigh the evidence and, if there is any competent evidence reasonably tending to support the award, it must be affirmed. Lucky-Kidd Mining Co. v. State Industrial Commission, 110 Okla. 27, 236 Pac. 600.

The respondent contends that he was not an independent contractor, but an employee of the petitioner. The record shows that an agent of the petitioner at the time of the accident told the respondent to send the other members of the casing crew to the Globe Indemnity Company and that the petitioner would take care of him. Petitioner's agent employed physicians to care for him and authorized the employment of nurses to care for him. The injury occurred while the men were eating dinner preparatory to resuming labor. The record shows that the petitioner said he wanted to complete the work before eating, but that the driller at the well, the petitioner's agent, told him to eat then. The respondent testified, without objection, that he was taking orders from the driller; that he "gave them orders all the time and told them when each joint was tight enough and when to take the tongs off"; that each member of the crew received $9 a tower. 12 hours' work; and that each member of the casing crew was paid by check of the petitioner. There was much other competent evidence tending to bring the cause within the rule stated by this court in Willis v. State Industrial Commission, 78 Okla. 216, 190 Pac. 92.

The respondent testified without objection that he had been unable to do any work after the explosion and that that condition was continued up to the time of the award. Dr. Reynolds testified that he was not able to do any work at the time of the hearing.

Under that state of the record we find no error in the computation of the term of the temporary total disability, in the finding that the respondent was not an independent contractor, and in the finding that the injury arose out of and in the course of the employment of the respondent with the petitioner.

The award is in all things approved.

LESTER, C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent.