924 P.2d 979 (1996)
STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellant (Petitioner),
v.
Amber R. ESPINOZA, Appellee (Respondent).
No. 95-259.
Supreme Court of Wyoming.
October 7, 1996.
*980 William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; and Robert L. Lanter, Assistant Attorney General, Cheyenne, for Appellant.
Richard Wolf of Wolf & Tiedeken, Cheyenne, for Appellee.
Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN[*] and LEHMAN, JJ.
TAYLOR, Chief Justice.
At work in a fast food restaurant, appellee went to retrieve a customer's order. Her path was blocked by a young male co-employee. Horseplay between the two suddenly escalated and the co-employee punched appellee, breaking her jaw. We affirm the administrative hearing examiner's conclusion that appellee suffered a compensable injury.

I. ISSUES
Appellant, State ex rel. Wyoming Workers' Compensation Division (Division), states a trio of issues:
I. Whether the administrative hearing officer's determination, that claimant's injury resulted from horseplay and therefore arose out of and in the course of her employment, was unsupported by substantial evidence.
II. Whether the administrative hearing officer's determination that claimant's injury arose out of and in the course of employment was contrary to Wyo. Stat. XX-XX-XXX(a)(xi), the definition of "injury".
III. Whether the administrative hearing officer's determination that claimant's actions did not constitute a willful intention to injure her coemployee was contrary to Wyo. Stat. XX-XX-XXX(a)(xi)(B)(ii), the exceptions to the definition of "injury"[.]
Appellee, Amber Espinoza (Espinoza), articulates a single issue:
Was the decision of the Hearing Officer, the Order Awarding Benefits dated June 27, 1995, finding that Appellee's injury received from being struck by a co-employee was compensable, supported by substantial evidence?

II. FACTS
Early in the evening of December 27, 1994, Espinoza and James Trujillo (Trujillo), two fifteen-year old school friends, were part of a youthful crew working at a Burger King restaurant in Cheyenne, Wyoming. Trujillo worked in the back, preparing food, while Espinoza was waiting on customers out front. An adult supervisor sat in a closed office tallying receipts.
*981 When an order of apple pie was not forthcoming within the "time limit," Espinoza went to personally retrieve the pie, only to find her return path blocked by Trujillo. Espinoza asked Trujillo to step aside because" I got to get this order out." Playful words and nudges suddenly escalated, however, when Trujillo threw a punch, breaking Espinoza's jaw in two places.
When her employer objected to the compensability of Espinoza's injury, the case was referred to the Office of Administrative Hearings. From that administrative hearing examiner's award of benefits, the Division petitioned the district court for judicial review, whereupon the parties jointly requested certification of the question to this court.

III. STANDARD OF REVIEW
We are required, by Wyo. Stat. § 16-3-114(c)(ii)(E) (1990), to hold unlawful and set aside agency action, findings and conclusions found to be unsupported by substantial evidence. Coleman v. State ex rel. Wyoming Workers' Compensation Div., 915 P.2d 595, 597-98 (Wyo.1996). "Substantial evidence is relevant evidence that a reasonable mind can accept as adequate to support * * *" administrative findings and conclusions. Casper Oil Co. v. Evenson, 888 P.2d 221, 224 (Wyo.1995). It is the burden of the party challenging the findings and conclusions of the hearing examiner to demonstrate that they are not supported by substantial evidence. Devous v. Wyoming State Bd. of Medical Examiners, 845 P.2d 408, 414 (Wyo. 1993).

IV. DISCUSSION
At the contested case hearing, Espinoza's burden was to establish every essential element of her claim by a preponderance of the evidence. Johnson v. State ex rel. Wyoming Workers' Compensation Div., 911 P.2d 1054, 1058 (Wyo.1996). It is elementary to every claim for worker's compensation that the harm complained of arises "out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer[.]" Wyo. Stat. § 27-14-102(a)(xi) (Cum.Supp.1996). This requires "`a nexus between the injury and some condition, activity, environment or requirement of the employment.'" Baker v. Wendy's of Montana, Inc., 687 P.2d 885, 892 (Wyo.1984) (quoting Matter of Willey, 571 P.2d 248, 250 (Wyo.1977)). Existence of such a nexus depends upon a reasonable relationship between the project being performed and the claimant's job. Stuckey v. State ex rel. Wyoming Workers' Compensation Div., 890 P.2d 1097, 1099 (Wyo.1995).
There is no dispute that Espinoza suffered a serious physical injury during regular working hours. Espinoza's unrefuted testimony showed that she was filling a customer's order when her injury occurred. Neither the record nor the Division's arguments afford us any alternative explanation for Espinoza's proximity to Trujillo at the time he struck and injured her.
The Division, however, insists that momentary horseplay between two teenagers severed the requisite connection between Espinoza's work and her injury. By the early 20th century, Justice Cardozo realized that employment of younger workers will inevitably occasion some horseplay as an indivisible condition of the work environment:
"For workmen of that age or even of maturer years to indulge in a moment's diversion from work to joke with or play a prank upon a fellow workman, is a matter of common knowledge to every one who employs labor." The claimant was injured, not merely while he was in a factory, but because he was in a factory, in touch with associations and conditions inseparable from factory life.
Leonbruno v. Champlain Silk Mills, 229 N.Y. 470, 128 N.E. 711, 711 (1920) (quoting, in part, Hulley v. Moosbrugger, 87 N.J.L. 103, 93 A. 79, rev'd 88 N.J.L. 161, 95 A. 1007 (1915)).
Be the work product bolts of silk or burgers and fries, the common sense of Justice Cardozo is equally germane. Espinoza's encounter with Trujillo was not a frolic of her own but a condition of her employmentan obstacle in the path of her efforts to further her employer's business objectives by providing prompt customer service. We hold that substantial evidence on the record supports *982 the hearing examiner's finding that Espinoza suffered her injury in the course of her employment.

V. CONCLUSION
Substantial evidence supports the determination that Espinoza suffered a compensable injury. The award of benefits to Espinoza is affirmed.
NOTES
[*] Chief Justice at time of conference.