THE OSWEGO AND SYRACUSE RAILROAD COMPANY and THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellants, *v.* STATE OF NEW YORK, Respondent.

Third Department, January 8, 1919.

State — construction of barge canal — claim for expense of rebuilding bridge over barge canal — jurisdiction of Court of Claims — Laws of 1915, chapter 640, construed — when notice of intention to file claim need not be filed — constitutional law — limitation of action on claim.

Where a railroad, with the permission of the State, built a bridge over a river the title to the bed of which was in the State, which reserved the right to revoke the permit and cause the removal of the bridge at the expense of the railroad beyond the limitations of the State canal, and where upon the construction of the barge canal it became necessary to remove and rebuild said bridge, which the railroad company did at its own expense, it is entitled to recover against the State in the Court of Claims. As the Barge Canal Act provided that new bridges shall be built over the canals to take the place of existing bridges wherever rendered necessary by the new location of the canals, it became the duty of the State to construct the new bridge, or to pay the claimant therefor.

Under chapter 640 of the Laws of 1915, extending the time for filing existing claims against the State for damages for the appropriation of property in connection with the improved canals and giving the Court of Claims jurisdiction, the claimant is not required to file a notice of intention to file a claim. The statute merely requires the filing of the claim within one year after the act took effect.

Where the State appropriated the property of the claimant for the improvement of the barge canal within six years after the claimant completed the new bridge there was an acceptance by the State amounting to an appropriation thereof and the claim is not barred by section 6 of article 7 of the State Constitution relating to the payment of claims barred by lapse of time.

APPEAL by the claimants, The Oswego and Syracuse Railroad Company and another, from a judgment, decree and determination of the Court of Claims in their favor, entered in the office of the clerk of said court on the 1st day of March, 1918.

*W. S. Jenney* and *Douglas Swift* [*Douglas Swift* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*George L. Meade, Deputy Attorney-General,* of counsel], for the respondent.

Lyon, J.:

In 1901 the Delaware, Lackawanna and Western Railroad Company, as lessee of the Oswego and Syracuse Railroad Company, constructed a bridge across the Seneca river about one mile and a half east of Baldwinsville, N. Y. Five of the piers of the bridge stood upon the river bed, the title to which was in the State. The bridge was built under a permit containing a reservation of the Superintendent of Public Works of the right to revoke and annul the permit, and cause the railroad company to remove the bridge at its own expense from the limit of ten rods of the Oswego canal, and upon the part of the State to re-enter and to reoccupy the lands covered by the permit as the free and perfect use of said canal might at a future time require. The bridge was so located and of such a character both in respect of width of spans and clearance that the construction of the barge canal in and along the channel of the Seneca river where it was crossed by said bridge necessitated the removal and the rebuilding of said bridge.

Accordingly the Superintendent of Public Works after entering into a contract in September, 1907, for the improvement of this section of the canal, served upon said railroad company March 27, 1908, a notice in writing requiring it to make its bridge conform to the barge canal requirements. The State made no formal appropriation of the bridge aside from the service of the notice to reconstruct it according to the plans and specifications to be approved by the State, and the service of the clearance diagram. On July 29, 1908, the claimant notified the State Engineer that it would comply with his order under protest, saving the contention that the State should bear the expense, presenting its claim for such expense incurred to the Board of Claims or the courts, and that the plans would be presented to the State as requested for approval. The State notified the claimants that the new bridge should be completed before April 1, 1909, and that it was not now proposed to take possession of or occupy any of the lands of the railroad company bordering on the Seneca river at this point, but outside of the present channel of the river.

It was impracticable to meet such requirements by elevating

the existing bridge in consequence of the lack of sufficient lateral clearance between the piers, and sufficient vertical clearance between the bridge and the river. Said railroad company was, therefore, obliged to build a new bridge at an expense to the company, after deducting the salvage and depreciation in the old bridge, of $72,907.40. The bridge was completed in August, 1910. This claim was brought against the State to recover such cost of construction.

The Barge Canal Act was enacted April 7, 1903. It contained the following clause: " New bridges shall be built over the canals to take the place of existing bridges wherever required, or rendered necessary by the new location of the canals." (Laws of 1903, chap. 147, § 3.) Under said clause in said act it was the duty of the State to construct the new bridge required, or to pay the claimants therefor. (*Lehigh Valley Railroad Company* v. *Canal Board,* 146 App. Div. 151; 204 N. Y. 471.) The State raises the defense that no notice of intention to file the claim was ever filed. Chapter 640 of the Laws of 1915, entitled " An act to extend the time for filing existing claims against the State for compensation or damages for or on account of the appropriation of property in connection with the construction of improved canals and canal terminals, and giving the Court of Claims jurisdiction," under which the claimants' claim was presented, does not require the filing of a notice of intention to file the claim. It simply required the filing of the claim within one year after the act took effect. The act became effective May 14, 1915. It was amended May 4, 1916, so as to provide that " the filing of such claim shall also be in lieu and stead of any notice of intention to so file." (Laws of 1916, chap. 420; *Rogers* v. *State of New York,* 184 App. Div. 340.) The action was commenced by the filing of the claim May 8, 1916. The State also raises the defense that the Statute of Limitations is applicable and that payment of the claim would violate section 6 of article 7 of the State Constitution, which is as follows: " Neither the Legislature, Canal Board, nor any person or persons acting in behalf of the State, shall audit, allow or pay any claim which, as between citizens of the State, would be barred by lapse of time. * * *." The bridge was completed in August, 1910. The acts of the State

should be considered the appropriation of the property of the claimants, in connection with the improvement of the barge canal. It was within six years that the claimants completed the bridge making it conform to the requirements of the barge canal. Its acceptance by the State upon its completion constituted an appropriation.

The judgment of the Court of Claims should be reversed and judgment directed for the claimants for $72,907.40, with interest from August 31, 1910.

All concurred.

Judgment reversed on law and facts, with costs, and judgment directed for the claimants for $72,907.40, with interest from August 31, 1910. The court disapproves of the finding XVI in so far as it finds that the State never formally appropriated any part of the clearance under the bridge and never exercised any control or dominion over the same; and finds that the State took physical possession of and formally appropriated said clearance and exercised control or dominion over the same on or about the 31st day of August, 1910.