Before STATE INDUSTRIAL COMMISSION, Respondent.
In the Matter of the Claim of JOHN LAURINO, Respondent, for Compensation under the Workmen's Compensation Law, *v.* JOHN E. DONOVAN, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, January 8, 1919.

**Workmen's Compensation Law — loss of eye caused by explosion of percussion cap — negligence of fellow-servant — award justified.**

Where it appears that a claimant employed as a chauffeur suffered the loss of an eye through the explosion of a percussion cap which a fellow-servant had found in a pile of coal on the master's premises and with which he was experimenting, an award is justified under the Workmen's Compensation Law, for the injury was caused through the carelessness and neglect of a fellow-workman and was an incidental risk of the claimant's employment.

APPEAL by the defendants, John E. Donovan and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 29th day of July, 1918.

*Amos H. Stephens* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Merton E. Lewis,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel for State Industrial Commission, for the respondents.

LYON, J.:

This is an appeal from an award of the State Industrial Commission for the loss of an eye. On March 2, 1917, the claimant and one William Earl were employed as chauffeurs by John E. Donovan. They had been that afternoon directed by him to clean up the garage and cars. The premises of the employer consisted of a garage, dock, stable, blacksmith shop and machine shop. Laurino and other employees of Donovan had been hauling coal to the dock that forenoon. There was a pile of coal on the dock about 200 feet from the garage. Earl found an explosive cap with a copper wire attachment in the pile of coal. He brought it into the garage and was attempting to remove the wire from the cap when it exploded and struck Laurino, who was passing in the performance of his work, in the right eye, destroying the sight. The Commission awarded Laurino compensation for the loss of an eye, from which award this appeal has been taken.

Upon a former appeal the award was reversed and the claim dismissed. (183 App. Div. 169.) Upon application the order was modified, and the claim remitted to the Commission for a further hearing. The evidence then was that the cap was found somewhere not on the premises of the employer. The evidence now is that Earl found the cap in the employer's coal then on the dock. It was the duty of Earl to acquaint his employer with the fact that he had found the cap in the coal. His failure so to do might result in the cap being put into the furnace of the employer, which might bring about an explosion, severely damaging the employer's property, and

endangering life. The appellant contends that the accident did not arise out of claimant's employment. It was perhaps careless for Earl to experiment with the cap, but it was neither a sportive nor a willful act. The claimant suffered injury from Earl's acts while claimant was about his employer's business. He was engaged in the discharge of his duties when the explosion occurred. He was injured through the carelessness and neglect of a fellow-workman which was an incidental risk of his employment.

The award should be affirmed.

Award unanimously affirmed.