[S. F. No. 9753. In Bank.—November 4, 1921.]

FEDERAL MUTUAL LIABILITY INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—PLAYFUL OR MALICIOUS ACT OF FELLOW-EMPLOYEE—INJURY OUTSIDE OF EMPLOYMENT.—An injury received by an employee while engaged in his work from being hit in the eye by one of several grapes either playfully or maliciously thrown by a fellow-employee at another employee was not an injury arising out of, or in the course of, his employment within the meaning of the Workmen's Compensation Act.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award annulled.

The facts are stated in the opinion of the court.

Cooley, Crowley & Lachmund for Petitioner.

A. E. Graupner and Warren H. Pillsbury for Respondents.

THE COURT.—This is a petition in *certiorari* to annul an award made by the Industrial Accident Commission in favor of Gus Farsais and against the petitioner, who was the insurance carrier for the San Joaquin Packing Company, the employer of said Farsais.

At the time of the injury Farsais was working for the Packing Company, engaged in sweeping the floor of a part of the premises where other employees were putting grapes into a machine as a part of their duty. While Farsais was at work an employee threw some grapes at another employee, and, his aim being bad, he missed the other person and one of the grapes hit Farsais in the eye, thereby causing his injury. Upon the evidence the commission made a finding that the injury occurred "in the course of and arising out of his employment, as follows: One employee threw some grapes at another employee and one of the grapes struck the de-

---

1. Whether injuries caused by sportive acts are injuries arising out of, and in the course of, the employment, notes, 13 A. L. R. 540; L. R. A. 1918E, 504.

fendant Gus Farsais in the left eye, resulting in the permanent disability hereinafter described.''

There was nothing in the nature of the employment in which any workmen present were engaged which required any of them to throw grapes at another. The act was either a playful or a malicious act of one employee toward another, having no connection whatever with the work in which he was engaged.

[1] The case is not distinguishable from *Coronado Beach Co.* v. *Pillsbury,* 172 Cal. 682, [L. R. A. 1916F, 1164, 158 Pac. 212] , and *Fishering* v. *Pillsbury,* 172 Cal. 691, [158 Pac. 215]. It comes within the general rule of the cases known as the ''skylarking'' cases or ''horse-play'' cases. The court did not issue this writ with any desire to overrule those cases. At the time the alternative writ was issued the court had ordered a writ issued in a case previously filed, entitled *General Accident F. & L. A. Co.* v. *Industrial Acc. Com.,* 186 Cal. 653, [200 Pac. 419], in which an opinion was rendered on August 15, 1921, and it was desired to consider that case fully prior to a decision upon the present case. The line of demarcation between cases which come within the definition of an injury ''arising out of, and in the course of, the employment'' and those which do not, is of necessity a narrow one, and it is not always easy to distinguish the exact point of division without careful consideration. In the case last referred to the employer became engaged in a controversy, amounting to a quarrel, arising immediately out of his business, and while so engaged and before the matter was concluded, and because of such controversy, he fired a shot at one of the men engaged therein, missing him, but which glanced and hit one of his own employees, thus causing the injury complained of. It is evident that the act which caused the injury was one which arose directly out of the business in which the injured person was employed. As the court said in the opinion in that case, the injury ''was received in the course of a series of incidents which had their initiative in a business transaction of his employer and while the latter was actively and justifiably engaged in defending his business.'' This was held to be an injury arising out of his employment. In the present case the throwing of grapes had no connection whatever with the general business carried on in the establish-

ment, nor with the particular work of any employee therein. The respondent concedes that the decision of the commission is inconsistent with the decisions of this court first above cited. It is contended in its behalf that those cases should be overruled. The argument is that in every establishment where a number of workmen are required to be near to each other in the course of their employment for hours at a time "some frolicking is inevitable. It occurs in every plant. The industry, by bringing workmen together in numbers, exposes its workmen to this hazard, which is just as much a hazard incident to the employment and 'arising out of the employment' as the danger of slipping upon floors, colliding with other workmen, falling down stairs," and the like.

Although this line of reasoning has support in the decisions of some of the other states, it is contrary to our own, and it seems to us to be an unwarranted extension of the meaning of the controlling language of the constitution and of the statute defining the character of injuries that are to be compensated out of the earnings of the business in which they occur. In the Coronado Beach Company case we said: "The accidents arising out of the employment of the person injured are those in which it is possible to trace the injury to the nature of the employee's work, or to the risks to which the employer's business exposes the employee. The accident must be one resulting from a risk reasonably incident to the employment." And after a full review of many authorities on the subject it was held that the injury to the claimant caused by the act of a fellow-servant in "tickling" him while he was at work did not "arise out of" his employment. Such injuries have no connection whatever with the work the employee is doing at the time, or with the work the mischievous employee was engaged to do, or with any business carried on in the place of employment, or with any peculiar construction or characteristics of the place of employment for which the employer could be held responsible and which creates "a risk reasonably incident to the employment." All this is true of the case at bar. It is, therefore, to be decided in accordance with the same rule.

The award is annulled.

Shaw, J., Shurtleff, J., Wilbur, J., Sloane, J., and Lawlor, J., concurred.