[S. F. No. 10323.  In Bank.—April 12, 1923.]

FLOYD G. STORM et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT — COMPENSABLE INJURY — ESSENTIALS.—An injury, in order to be compensable under the terms of the Workmen's Compensation Act, must have been sustained by the employee "arising out of and in the course of the employment," and must have been "proximately caused by the employment."

[2] ID.—INJURY TO EMPLOYEE—EXPLOSION OF DYNAMITE CAPS—NONCOMPENSABLE INJURY — EVIDENCE. — An injury to an employee caused by the explosion of dynamite caps which were on a windowsill in the room where he was at work and which were caused to explode by coming in contact with a spark from a match with which just previously he had lit a cigar to smoke while he would be working, is not compensable under the Workmen's Compensation Act where said caps were placed or dropped there by some unknown person while the employee was out at lunch, and were not brought there by his employer or any fellow-employee, and nothing of that sort was ever used by the employer in connection with his business, the employer not being involved in any labor dispute or controversy which would afford a motive for placing the caps there, and there not being upon the premises at the time any paint, varnish, distillate or any explosive or inflammable substance, connected with the employer's business, which could have contributed to the injury.

PROCEEDING in Certiorari to annul an award of the Industrial Accident Commission awarding compensation. Award annulled.

---

1.  Compensation to workman injured through smoking as compensation for injuries arising out of and in course of employment, note, 5 A. L. R. 1521.

The facts are stated in the opinion of the court.

Barry J. Colding, Theodore Hale and Redman & Alexander for Petitioners.

A. E. Graupner for Respondent.

MYERS, J.—Writ of review to review an award of the Industrial Accident Commission. The essential facts found by the commission are as follows:

"1. R. D. Lindsay, applicant while employed as apprentice painter on February 13, 1922, at San Francisco, California, by defendant Floyd G. Storm, sustained injury occurring in the course of and arising out of his employment, as follows: while at work sandpapering the walls of an unoccupied dwelling which the employer was renovating under contract, the applicant sustained minor wounds and lost the sight of both his eyes by reason of the explosion of dynamite caps which in some unknown manner had been placed on a window-sill in the room where he was at work and which were caused to explode by coming in contact with a spark from a match with which just previously the applicant had lit a cigar to smoke while he would be working."

It was also established without conflict in the evidence that Lindsay had been working in the premises where the injury occurred several days prior thereto; that his duties were to wash the walls and sandpaper the woodwork, preparatory to retinting and repainting; that he was the only person working there on the day of the accident; that the dynamite caps which caused the injury were not on the premises at the time he was put to work there, nor were they there on the morning of the day he was injured; that they were placed there or dropped there while he was out at lunch on that day by some person unknown; that they were not brought there by his employer or any fellow-employee, and that nothing of that sort was ever used by the employer in connection with his business; that the employer was not involved in any labor dispute or controversy which would afford a motive for placing the caps there; that there was not upon the premises at the time any paint, varnish, distillate, or any explosive or inflammable substance, connected with the employer's business, which could have contributed to the injury.

[1]   An injury, in order to be compensable under the terms of the Compensation Act [Stats. 1917, p. 831], must have been sustained by the employee ''arising out of and in the course of the employment,'' and must have been ''proximately caused by the employment.'' It is conceded that the injury herein was sustained in the course of the employment, but it is urged in behalf of petitioners that the facts found by the commission, considered in the light of the other undisputed facts, do not justify the conclusion that the injury arose out of the employment or that it was proximately caused thereby.

They emphasize the thought that the purpose of the Compensation Act is to place upon industry the burden of only those losses which arise out of industry, as a natural and proximate result thereof, and that it was not intended to cover those losses which, while having some connection with industry, are in no sense a product or result thereof. They insist that the injury suffered by the employee herein can in no sense be fairly said to ''arise out of a risk in some way peculiar to the business in which he was engaged.'' (Honnold on Workmen's Compensation, p. 418.)

[2]   We are convinced the petitioners' position is well sustained. As was said in *Coronado Beach Co.* v. *Pillsbury,* 172 Cal. 682 [L. R. A. 1916F, 1164, 158 Pac. 212] ; and reaffirmed in *Federal Mutual Liability Ins. Co.* v. *Industrial Acc. Com.,* 187 Cal. 284 [201 Pac. 920] : ''The accidents arising out of the employment of the person injured are those in which it is possible to trace the injury to the nature of the employer's work, or to the risks to which the employer's business exposes the employee. The accident must be one resulting from a risk reasonably incident to the employment.'' ''But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause.'' (*Kimbol* v. *Industrial Acc. Com.,* 173 Cal. 351 [Ann. Cas. 1917E, 312, L. R. A. 1917B, 595, 160 Pac. 150].)

The instant case is clearly distinguishable from *Whiting-Mead Co.* v. *Industrial Acc. Com.,* 178 Cal. 505 [5 A. L. R. 1518, 173 Pac. 1105], except as to the point wherein it is there held that the act of smoking while at work, when not forbidden by the employer, does not constitute a departure from the employment. That is conceded by the petitioners herein. In that case the employee injured his hand while at

work, and as a proximate result of his work. In order to enable him to continue working an agent of the employer bandaged the hand and saturated the bandage with turpentine. While at work thereafter the employee struck a match, which ignited the turpentine and seriously burned the injured hand. It is thus apparent that the presence of the inflammable substance in that case was a condition created by the act of the employer, and that it was one of the conditions under which the employee was required to work. Both of these elements are absent from the instant case.

The Kimbol case, *supra*, presents more points of similarity to the case at bar. There the employee was injured by the collapse of a floor above the room in which he was required to work. The collapse was not due to a structural defect in the building but to an unauthorized use which another tenant had made of the room above by storing heavy materials therein. There, as here, the risk which resulted in the injury was one created not by the employer but by a stranger to the employment, and it was there held to be "a risk to which the employer's business specially exposed the employee." That conclusion was predicated, at least in part, upon the fact that "*the danger was a constant one, inherent in the place itself* under the conditions there existing," and that it "was peculiar to the particular place in which the employee was required to work." No such conditions obtained here. The danger incident to the presence of the dynamite caps was not a constant one, but came into existence but an hour or two before the accident happened. The premises in which the employee was required to work were wholly free from any such danger, and so remained until just before the accident. That danger was not, in any sense, inherent in the place itself; on the contrary, so far as the evidence discloses, it was a purely fortuitous circumstance that those caps chanced to be left there at that place rather than in some other vacant building.

To render an injury compensable there must be discernible some relationship of cause and effect between the employment and the injury. "It is not sufficient for a workman to say, 'I should not have been injured unless I had been where I was and doing the work which I was employed to do.'" (*Cooper* v. *Northeastern Ry. Co.*, 9 B. W. C. C.

129.) It must be shown, in addition, that the injury was a natural or probable result of the employment, or of the conditions thereof. Such would seem to be the meaning of the requirement that it must have been "proximately caused by the employment." This case would have been no different, on principle, if the employee had been injured by a stray bullet coming from the scene of an attempted hold-up, several blocks away. Under those circumstances it would scarcely be claimed that the injury was proximately caused by the employment.

The distinction between the case of *General Acc. F. & L. A. Co.* v. *Industrial Acc. Com.*, 186 Cal. 653 [200 Pac. 419], and cases such as the instant one was pointed out by this court in *Federal M. L. Ins. Co.* v. *Industrial Acc. Com.*, 187 Cal., at p. 285 [201 Pac. 920]. The case of *Benson* v. *Bush*, 104 Kan. 198 [10 A. L. R. 1165, 178 Pac. 747], is not in point. In that case the employee was injured as the direct consequence of performing an act which his employment required him to perform. He performed that act in a negligent manner, but contributory negligence being no defense, he was entitled to recover. In the case of *Rish* v. *Iowa P. C. Co.*, 186 Iowa, 443 [170 N. W. 532], the presence upon the premises of the dynamite caps which caused the injury was due to the fact that the employer was using those caps in the conduct of its business, and the court affirmed the award because of its conclusion that this circumstance showed "the causal connection between the employment and the injury complained of." In *Haller* v. *City of Lansing*, 195 Mich. 753 [L. R. A. 1917E, 324, 162 N. W. 335], the employee was injured by the explosion of gasoline which was brought to and kept upon the premises by the employer for use in its work. So, here, if the employee had been injured by an explosion of varnish or distillate which was upon the premises for use in connection with the employer's business, the causal connection between the employment and the injury would have been apparent. In *Laurino* v. *Donovan*, 183 App. Div. 168 [170 N. Y. Supp. 340], and 186 App. Div. 386 [173 N. Y. Supp. 619], the right to recover was predicated upon the circumstance that the injury was caused by the negligence of a fellow-employee, acting in the course of his employment, while they were both working upon the employer's premises. The

court there held that negligence of a fellow-workman, in the course of the employment, which is neither a willful nor a sportive act, is a risk incidental to the employment.

It would serve no useful purpose to discuss in detail the remaining cases cited by the commission in support of its award. Suffice it to say that there were present in each of those cases facts showing a causal connection between the employment, or the conditions thereof, and the injury complained of. That essential element is wholly absent in the present case and the award is therefore annulled.

Kerrigan, J., Waste, J., Wilbur, C. J., Lennon, J., Seawell, J., and Lawlor J., concurred.