[S. F. No. 12864.  In Bank.—May 15, 1928.]

DUDLEY NEWTON, Jr., a Minor, etc., Petitioner, v. IN-
DUSTRIAL ACCIDENT COMMISSION, etc., EAGLE
INDEMNITY COMPANY (a Corporation), and H.
BROWN, Respondents.

Bronson, Bronson & Slaven for Petitioner.

G. C. Faulkner and R. P. Wisecarver for Respondents.

WASTE, C. J.,—On further consideration, we are of the
view that, notwithstanding the rather persuasive arguments

of the petitioner, the decision of the district court of appeal, affirming the action of the respondent Commission denying an award, should stand. Although we might disagree with the Commission as to the weight of the evidence before it, as an appellate tribunal we may not overturn a finding of fact it has made if there is some evidence to support it. The opinion of Mr. Justice Plummer, concurred in by Mr. Justice Hart and Mr. Presiding Justice Finch, is adopted as the opinion of this court:

"This cause is before us upon the application of the petitioner for a writ of *certiorari* to review and annul the decision of the Industrial Accident Commission denying compensation to the above named petitioner. The facts in this matter are uncontradicted. The record shows the following: Dudley Newton, a boy twenty years of age, was in the employ as a general roustabout of H. Brown, a highway contractor, on or about October 6, 1926, and had been in such employment for some months. On the 6th day of October, 1926, while working in the county of Yolo, on a public highway, he was sent by his employer to a point 'about one mile distant on the highway to get a truck. He went to a point on the highway where he knew the truck would pass and waited for it. As he was waiting, the truck came along, but at about the same instant of time another automobile passed between the truck and the boy, so being afraid, as the boy testified, that the truck-driver did not see him, he hallooed to the truck-driver and ran down the highway after the truck. The truck slowed down and as the boy was running along the dirt portion of the highway, he heard or felt his knee snap. He did not fall, although he felt his leg crumple under him. He recovered without falling and continued to the truck, got on the truck and rode on the truck for about one hour. His knee started to ache and swell, and his employer sent him to Dr. Harris. Hospitalization and treatment thereafter followed. On December 19, 1926, a refracture occurred when the boy stepped into a hole or depression while walking. The testimony shows that the boy did not stumble, trip over anything or step into any depression while running after the truck. The only inference that can be drawn from the testimony is that the ground on which the boy was running did not have anything to do with the injury, and that the troubles of the knee-cap

simply occurred as the boy was running after the truck. The opinion testimony of the attending physician and surgeon, Dr. Harris, is as follows: 'From this man's history, and from the fact that there was no bruise, excoriation or contusion at or about the knee joint, I would be led to believe that the fracture of the patella was caused spontaneously while the boy was running to catch a truck. I do not believe there was any extraordinary strain or trauma or exaggerated movement, but that the fracture occurred as a result of the normal motion of the leg in running. The recurrence, in my opinion, was not caused by an extraordinary movement, but simply by a misstep. Operative findings at the second setting showed the fracture to have recurred through previous fracture lines. I do not believe there was any period of partial disability following either fracture.'

"The testimony of Dr. Harbaugh is as follows: 'A fracture of the patella could occur in the manner described in the record, without any particular accidental feature.'

"Upon these facts the Commission found as follows:

1. Dudley Newton, Jr., aged 20, was employed as a roustabout on October 5, 1926, at Sacramento, California, by H. Brown, whose insurance carrier was Eagle Indemnity Company, a corporation;

2. On said date, while running, the employee sustained spontaneous fracture of the patella of the left knee;

3. The evidence does not establish that said fracture was caused by injury or strain arising out of or occurring in the course of his employment.

"Compensation was accordingly denied. A petition for a rehearing being denied, application was made to this [District Court of Appeal] court for a writ of *certiorari*. By finding that the injury to petitioner's patella was spontaneous, the Commission found, in effect, that the injury was the result of some internal impulse, energy or natural law without external force, that being one of the definitions of the term used by witnesses. In other words, the finding of the Commission is that the injury to the minor resulted from an inherent defect in the patella, although the record does not show any previous diseased condition of the patella or that the petitioner had experienced any previous trouble therewith. The finding can only be interpreted in the light that the injury resulted from an inherent defect, and not

through any extraneous, accidental or inducing cause, and therefore did not arise out of the course of the minor's employment, or by reason of his employment, but simply occurred during the course of, or time of employment. It would appear that the theory of the Commission was and is that the injury complained of is a matter which would come, probably, under health insurance and not under the provisions of 'The Workmen's Compensation Insurance and Safety Laws.' That the injury occurred during the time of employment or during the course of employment is unquestioned. The testimony of the petitioner shows that the injury to the patella of his leg occurred while he was on a mission to obtain a truck for his employer. The testimony of the petitioner likewise shows that there was no extraneous or outside force or accidental means present to induce or produce injury to the patella. While the layman would naturally infer that the running of the petitioner caused the patella to snap, there is no testimony to that effect. The testimony only is that it occurred while the petitioner was running. The medical or expert testimony is to the effect - that there was no extra strain upon the knee-cap but 'that the fracture occurred as a result of the normal motion of the leg in running.' ■ While the word 'accident' has been eliminated from section 6 of 'The Workmen's Compensation Act,' [Stats. 1917, p. 834] the phrase 'arising out of, and in the course of the employment' has been interpreted to mean that the injury must result by reason of the employment in which the employee is engaged, and not by reason of some inherent natural defect which simply culminates during the time of employment. In other words, if the agency which culminates in a physical injury is an inherent defect and not an outside cause, or if the injury is not superinduced by some extraordinary movement or action, compensation is not allowable. Again, as stated in *William Simpson Construction Co.* v. *Industrial Accident Commission*, 74 Cal. App. 239 [240 Pac. 58] : 'In the first place, the burden of proof is upon the applicant to prove that the injury received was one which would sustain an award. "It must be conceded that the burden is upon the applicant for compensation to show that the injury arose out of as well as in the course of the employment; and that there is no presumption, as contended by respondents, that because an

injury occurs in the course of the employment it arises out of or because of that employment." ' (*Eastman Co.* v. *Industrial Accident Commission,* 186 Cal. 587 [200 Pac. 17].) Likewise, in the Simpson case it is also held: 'whenever the subject under consideration is one within the knowledge of experts only, and is not within the common knowledge of laymen, the expert evidence is conclusive upon the question in issue.'

"Again, this [District Court of Appeal] court is not in a position to draw its own inferences from the testimony set forth in the record and conclude therefrom that the petitioner is or is not entitled to compensation. Our jurisdiction extends only to the ascertainment of whether there is testimony in the record, and was testimony before the Commission supporting its findings. As said in *Dearborn* v. *Industrial Accident Commission,* 187 Cal. 591 [203 Pac. 112], quoting from the case of *Southern Pacific Co.* v. *Industrial Accident Commission,* 177 Cal. 378 [170 Pac. 822]: ' '"This court, in reviewing awards of the Commission, is not acting as a court of appeal. It has no power to weigh the effect of positive evidence. It must assume that the Commission believed all the evidence given which tends to sustain the award made. . . . The findings are not subject to review except in so far as they may have been made without any evidence whatever in support thereof." ' The opinion of the medical experts in this case is of the same binding force and effect after the Commission has acted thereon as any other portion of the testimony set forth in the record. Neither layman nor expert has testified that the injury was not 'spontaneous.' The opinion of the experts that it was such is admissible testimony, and when the Commission has acted thereon and so found, the law seems to be well settled that appellate courts are bound thereby. This statement of the rule appears in the case of *Tartar* v. *Industrial Accident Commission,* 191 Cal. 703 [218 Pac. 39], to wit: 'It is well settled that the findings of the Industrial Accident Commission upon questions of fact are conclusive, and are not subject to review where there is any substantial evidence to support them.' (Citing a number of California cases.) Further, to the same effect, and also as to the definition of the term 'arising out of, and in the course of the employment,' we may cite the case of *Storm* v. *Industrial Accident*

*Commission,* 191 Cal. 4 [214 Pac. 874], where it is said: 'An injury, in order to be compensable under the terms of the Compensation Act [Stats. 1917, p. 831], must have been sustained by the employee "arising out of and in the course of the employment," and must have been "proximately caused by the employment." ' The opinion in the Storm case then cites the following, which is supported by a number of authorities: ' "The accidents arising out of the employment of the person injured are those in which it is possible to trace the injury to the nature of the employer's work, or to the risks to which the employer's business exposes the employee. The accident must be one resulting from a risk reasonably incident to the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause." ' If the expert testimony in this case had been to the effect that the injury to the petitioner's left patella resulted from some extraordinary strain or accidental stumbling or striking against some protruding object on the highway, then and in that case a finding that compensation was allowable could readily have been upheld under the ruling of this [District Court of Appeal] court in the case of *Elk Grove District* v. *Industrial Accident Commission,* 34 Cal. App. 589 [168 Pac. 392], where the petitioner suffered an injury by reason of an extraordinary strain in the course of her employment in endeavoring to remove heavy benches or seats from in front of a bookcase in order to obtain a desired book to be used in connection with her duties as a teacher. The finding in this case is based upon testimony of medical experts exactly contrary to that in the case just cited, and whether correct or incorrect, supports the finding of the Commission, and by that finding we are bound. ■ It being a question of fact as to whether the injury to the petitioner arose out of or in the course of his employment or was simply spontaneous and occurred during the time of his employment, and that fact being found adversely to the petitioner's contention, and being based upon the expert testimony to which we have referred, supports the findings of the Commission, and being a question of fact determined by the Commission, cannot be disturbed upon appeal. The only question of law involved herein is as to whether there is any testimony supporting the

finding of the Commission, and having found such testimony, our inquiry there stops."

The decision of the Commission is affirmed.

Richards, J., Shenk, J., Curtis, J., Preston, J., and Langdon, J., concurred.