[Civ. No. 7185. First Appellate District, Division One.—April 26, 1930.]

JACOB SINGER, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and HOBART ESTATE COMPANY (a Corporation), Respondents.

Sawyer & Sawyer for Petitioner.

Edward O. Allen and Ray Vandervoort for Respondents.

TYLER, P. J.—*Certiorari* to review an award of the Industrial Accident Commission.

Petitioner was employed as a woodsman by respondent Hobart Estate Company at its mills. He was self-insured. He claimed to have suffered a hernia while in the act of prying logs apart, during the course of his employment. Application for adjustment of claim for compensation was filed with the Industrial Accident Commission. A hearing was had and the Commission found that the hernia complained of was not caused or exacerbated by injury arising out of and in the course of employment and an award was made in favor of the employer. A rehearing was asked for and denied, and the present proceeding followed. At the hearing, petitioner was the sole witness to the facts out of which the injury arose. The only other witness was a physician employed by respondent Hobart Estate Company at its plant.

It is here claimed that the award denying compensation is without any evidence to support it. It is in substance as follows: Petitioner entered the employ of respondent Hobart Estate Company on or about the fifth day of May, 1929. His work consisted in hauling and cutting logs. On the third day of his employment he attempted to pry certain logs apart with a large pole. While thus engaged he experienced a pain in his groin which felt like someone sticking him with a needle. He lowered his trousers to make an examination, but saw nothing and proceeded with his work. A few days later he reported the matter to a fellow-employee. About a week later he was transferred to a different camp, at which time he informed the superintendent of his trouble and expressed a desire to see the doctor employed by the company. On his way to the new camp he consulted this physician and informed him of his condition. The physician made a cursory examination and discovered a slight inguinal hernia about the size of the end of his thumb. He informed petitioner that he would perform an operation for the sum of one hundred dollars. The applicant, being destitute of funds, did not avail himself of this offer. At the hearing the physician testified that while it was his duty to look after industrial injuries suffered by

employees of the company without charge to them, he justified his demand upon petitioner on the ground that he was not certain that the hernia was of recent origin, and when asked for his reason in so concluding he testified that it was on account of applicant's delay in reporting his injury. He admitted that he was informed that the applicant had received an injury some three days after he entered the employ of the company, and had suffered some pain for about ten days. He also admitted that the applicant did not know he had received a hernia. He further testified that he could not say, from the examination he had made, whether the hernia was a new or an old one. This, in substance, is the entire evidence in the case.

It is, of course, elementary that the jurisdiction of an appellate court in cases of this character is limited strictly to determining whether there is evidence to sustain the award. Where the findings of the Commission are supported by evidence, though conflicting, we have no power to disturb them. Here, however, there is no conflict and a careful reading of the record shows that relief was denied upon the sole ground that petitioner, having delayed reporting his injury to his employer for the short period above stated, it was impossible to determine at what time he developed the hernia. The facts do not sustain this conclusion. While it is true that the burden is upon the applicant to establish the fact of injury, still, where the injury is proven, and the employer contends that it is not a new one, but is the result of a former accident, the burden is upon him to prove his contentions. Delay of a few days, as here, in reporting the accident, does not establish nonexistence of a new injury. A workman, as most frequently happens, is unfamiliar with the development of injuries of this character and certain symptoms mean little or nothing to him unless they are objective and definitely pronounced. In such a situation the employer is bound by the surrounding facts and circumstances of the case, and where the applicant testifies in relation thereto and his story of how the accident happened is reasonable and not disputed, and such testimony conclusively shows an injury adequately accounted for, it is not overcome by the fact that it might, by some possibility, have resulted from some other cause not shown to exist. While awards cannot be based upon mere guess

or conjecture, here there was proof that the origin of the hernia was recent, and when suffered was accompanied by pain; that it was immediately preceded by accidental strain; that it did not previously exist, and the rupture and strain were in close relation. This evidence, without more, is sufficient to compel a finding that the suffered hernia was proximately caused by the accident as testified to. In denying the applicant award, the Commission departed from its former ruling in a case involving identical facts. In *Jorgensen* v. *Healy-Tibbitts Const. Co.,* 2 Cal. Ind. Acc. Com. 56, where it appeared that an employee was engaged in heavy lifting and suddenly felt a sharp pain in his groin, though it was not definitely established whether the hernia was new or of old origin, it was held that such evidence was sufficient to establish a finding that the hernia was proximately caused by accident arising out of the employment. So here, the undisputed facts are sufficient to make a reasonable man conclude in the applicant's favor upon the vital points, and is adequate to prove his case. It was therefore binding upon the Commission, and the latter could not, upon mere conjecture or guesswork, deny compensation. The law favors the payment of compensation. The statute upon which the claim is based was designed to protect, in proper cases, a workman against economic insecurity and mere conjecture on the part of the Commission should not deprive him of this benefit.

For the reasons given the award is vacated and set aside.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 20, 1930, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 23, 1930.