[Civ. No. 8320. First Appellate District, Division One.—March 19, 1932.]

HARRY SOGOV, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and STATE COMPENSATION IN- SURANCE FUND, Respondents.

George C. Olshausen for Petitioner.

A. I. Townsend for Respondents.

THE COURT.—*Certiorari* to review the action of the Industrial Accident Commission in awarding compensation to petitioner.

It is petitioner's contention that the award made is upon a wrong basis of earnings, and further that the Commission erroneously determined and fixed the period of disability resulting from the injuries shown. The employment of petitioner was such as is provided for in subdivision (f) of section 8 of the Workmen's Compensation Act. This subdivision reads as follows: "Workmen associating themselves under a partnership agreement, the principal purpose of which is the performance of the labor on a particular piece of work, shall be deemed employees of the person having such work executed, and, in the event the average weekly earnings are not otherwise ascertainable shall be deemed to be employed at an average weekly wage of twelve dollars."

Respondent Commission found that petitioner was an employee coming under such partnership agreement and that the weekly earnings were not otherwise ascertainable. Petitioner attacks both findings. He contends that his employment was on a *per diem* basis and not under a partnership agreement. It is conceded that at a time prior to the date of injury, petitioner was a member of a partnership working under an agreement, but that such partnership and agreement had been terminated and a new contract of employment entered into. ▉ We have carefully reviewed the record and find ample evidence to support the holding of the Commission on this phase of the controversy. Indeed, throughout petitioner's arguments, we find repeatedly the contention that certain evidence adduced would be equally favorable to the claim of petitioner and the finding of re-

spondent. Accepting this, we have no discretion to disturb the finding.

Petitioner next contends that even if he were associated under a partnership agreement within the meaning of the quoted section, yet the average weekly earnings are easily ascertainable and compensation should have been awarded in accordance therewith instead of the award being made on an average weekly wage of $12 per week. The quoted section provides that the earnings shall be deemed at an average of $12 per week when and only when the average weekly earnings are not *otherwise ascertainable*. The language obviously is in keeping with the general theory of the act, which is to secure adequate and fair compensation to injured employees without the necessity of mathematical accuracy. The term "otherwise" must qualify something, and its apparent use is to indicate that the agreement of employment being silent or uncertain as to the wage paid, then recourse must be had to whatever available information may disclose the average earnings. When there is no method by which the earnings may be averaged or determined, the arbitrary figure of $12 per week may be adopted.

In *Singer* v. *Industrial Acc. Com.*, 105 Cal. App. 374 [287 Pac. 567, 568], it is said: "The law favors the payment of compensation. The statute upon which (it) the claim is based was designed to protect in proper cases, a workman against economic insecurity." The power given the Commission to fix an arbitrary sum as average weekly earnings, in the very nature of things must be a power given to promote the beneficence of the act rather than to limit it. If a case should arise wherein a controversy was presented on the question of earnings, wherein one side contended the average earnings were $50 per week and the other side contended that the earnings were $40 per week, and the Commission found a conflict of testimony such as to render it almost impossible to determine where the exact truth might be, surely it could not be contended that a solution was afforded by arbitrarily adopting a twelve dollar per week average on the ground that the earnings were not ascertainable. To a degree such is the situation here.

The partnership of which petitioner was a member had a contract to excavate material and dirt on a certain portion of highway at a price of ninety-five cents per cubic yard,

which price of ninety-five cents included not only labor, but also materials, incidental supplies and cleaning and burning debris. Each partner, there being ten partners, had an equal interest in the affairs of the copartnership and each shared equally in the earnings of the company as pro-rated for the actual days each individual should work. The testimony before the Commission was somewhat detailed and exhaustive and to an extent in conflict as to figures. Yet the employer, in disputing the claim of petitioner, contended his accounts showed that under the contract there was due the partnership the sum of $9,000 on account of dirt re-moved in a gross total of 1400 days' work. That is to say, that the partners and those employed by them did, in 1400 working days, earn under the contract the sum of $9,000. An easy computation gives the daily earnings as $6.43 a day. For clarity we may explain that when we say 1400 working days it means the equivalent of one man working 1400 days or, for the purposes of illustration only, fourteen men working 100 days. By accepting the lowest figures given we reach average weekly earnings of $45.01 per week, it being stipulated that the employment was on a seven day a week basis.

The respondents' theory seems to be that the amount due petitioner under the contract could not be ascertained in the absence of a proration showing how many men worked and how many days each actually was employed. The net amount each man might receive is immaterial. Our purpose is to ascertain the weekly earnings from the wages earned. And the figures demonstrate that, regardless of a proration and regardless of the days that other partners or laborers worked, the actual receipts of each man for each day's labor was, as computed, $6.43. This is the only question presented on the issue of weekly earnings, and it is our opinion that the arbitrary scale of $12 per week was not the proper basis of compensation, but that the true basis of compensation should be the maximum rate of $38.46 a week as provided in the statute, section 12(a).

The next point urged is that the Commission found the disability resulting from the injury to have terminated on February 25, 1931, and allowed compensation up to and including that date. Upon the question of disability, injury and the permanence thereof, there was and is a decided con-

flict. The report of the attending physician, filed on June 25, 1930, shows petitioner as completely cured on that date. A later report, filed on May 19, 1931, is to the effect that petitioner is still under care on account of injuries to his eyes, with a disability rating of forty-five per cent. This latter report is meager in detail and makes no attempt at connecting the then existing condition with the original injury. Other medical witnesses testify as to some systematic condition, which under no theory could be traceable to the cause complained of. There was no traumatic injury. The fact was, as stated, that petitioner had contacted with gelatine powder and had rubbed his eyes with his hands, thereby causing something caustic to enter the eye chamber. Positive testimony appears to the effect that such a cause could not possibly produce the present symptoms and that the condition now presented is one arising from other causes totally disconnected from any inflammation or irritation caused by the elements in the powder or from any external irritation. We cannot say that the finding of the Commission is unsupported.

However, the award is annulled in so far as the Commission based the compensation upon the arbitrary rate of $12 per week, and the proceeding is remanded so that the award may be re-adjusted to conform to the average weekly earnings as ascertained herein.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 18, 1932.