[Civ. No. 15563. First Dist., Div. Two. Apr. 28, 1953.]

CITY AND COUNTY OF SAN FRANCISCO, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and CATHERINE MURDOCK, Respondents.

Dion R. Holm, City Attorney, and Jerome Cohen, Deputy City Attorney, for Petitioner.

Edmund J. Thomas, Jr., and T. Groezinger for Respondents.

GOODELL, J.—A writ was issued herein to review an award granting a death benefit to Catherine Murdock, the widow of James Murdock, a gardener employed by the city.

Petitioner contends that the evidence and the inferences to be drawn therefrom do not establish that the employee's death arose out of his employment. The referee's exclusion of a medical report offered by petitioner and the refusal to grant a continuance to secure the testimony of a witness are further issues raised by the city.

James Murdock, aged 64, was employed by the Park Commission at the time of his death on January 14, 1952. His widow testified that he had been in good health and had never complained of shortness of breath, chest pains, or tightness in his chest. She did not know of any visit of her husband to a doctor. He had planned to get another position when he had to retire from city service at 65.

Dennis Harrington, a foreman of maintenance in Golden Gate Park, testified that on the night of January 13-14, 1952, there had been a heavy storm which had blown down several trees and branches in his section of the park. Decedent went to work on the morning of the 14th with other members of his crew. They began clearing a driveway across which a large tree had fallen. The two crews at work supplied ample help. At about 10:30, two hours or so after starting the day's work one of the crew called to Harrington, who turned and saw that Murdock had collapsed. He was unconscious, his ears were turning blue "and he just gave a couple of sighs, and he was trying to get his breath, and we covered him up and kept him awake until the ambulance came." He was dead on arrival at the Park Emergency Hospital. Just before this Murdock and one Delmonte had been sawing a log approximately ten inches in diameter with a two-man cross-cut saw. The foreman testified that the sawing of logs was heavy work and that the particular log was green. He also testified that Murdock had worked with him for a long time and he had never known him to complain of ill health.

He testified further than normally it was the duty of a gardener to cut up trees, and that they had always done that. It was, however, their heaviest work; "you have to strain" he said, but there was no rush and there was plenty of help.

The testimony just summarized was the widow's entire case before the commission.

The city offered in evidence a report of Dr. Francis L. Chamberlain which noted the enlargement of the decedent's heart, a profound degree of arteriosclerosis, and evidence of old fibrosis, all of which were disclosed by the autopsy. He concluded that the cause of death was acute occlusive thrombosis of the right coronary artery, which was the result of long standing calcific arteriosclerosis of the coronary vessels and that this type of complication "would occur at any moment of the day; whether this man had been active physically, or whether he had been sitting or lying quietly." This report was based on copies of the coroner's autopsy report, the tran--

script thereof and the verdict of the coroner's inquest, also on a written statement of Delmonte, decedent's working partner, none of which documents went into evidence. Applicant's objection was sustained, and Dr. Chamberlain's report was not admitted in evidence.

It is contended by petitioner that the cause of death was not a subject within the knowledge of laymen, and that only expert evidence would be conclusive thereon. (*Hartford A. & I. Co.* v. *Industrial Acc. Com.*, 140 Cal.App. 482 [35 P.2d 366]; *William Simpson Const. Co.* v. *Industrial Acc. Com.*, 74 Cal. App. 239 [240 P. 58].) When Dr. Chamberlain's report was excluded there was no medical evidence of any kind before the commission. ▮ It is well settled that "there is no presumption . . . that because an injury occurs in the course of the employment it arises out of or because of that employment." (*George L. Eastman Co.* v. *Industrial Acc. Com.*, 186 Cal. 587, 593 [200 P. 17]; *Newton* v. *Industrial Acc. Com.*, 204 Cal. 185, 188-189 [267 P. 542, 60 A.L.R. 1279].) To make out a prima facie case it is necessary to prove more than the fact that decedent died while performing a task required by his employment which he had performed on various occasions throughout the years apparently without incident. The present record is wholly devoid of evidence of the cause of death. It is true that the employee died immediately after performing a task that was the most arduous of any required by his employment. ▮ However, it is not a matter of common knowledge, that operating a cross-cut saw with a partner on the other end is labor of such a strenuous type as to bring on a fatal heart attack.

Since the autopsy report was not introduced, there was no evidence that the employee already had a heart ailment, from which the commission might have inferred that such condition was aggravated by the strenuous task assigned to him. In fact there was no evidence that he died of a heart attack. As petitioner argues, from all that appears the cause of death may have been some form of poisoning or an attack of acute indigestion.

Respondents cite *Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.*, 19 Cal.2d 622, 629 [122 P.2d 570, 141 A.L.R. 798], which holds that circumstantial evidence is sufficient to support an award, and that "it may be based upon the reasonable inferences that arise from the reasonable probabilities flowing from the evidence; neither absolute certainty nor demonstration is required." In that case, however, both sides introduced the

testimony of medical experts on the issue whether or not the employee contracted the disabling disease as a proximate result of his employment. It is said there that "The opinions of qualified medical witnesses with reference to the origin and cause of the injury are valid evidence which will support an award."

As was pointed out in *Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.*, 47 Cal.App.2d 494, 499 [118 P.2d 334], hearsay testimony of an incompetent witness is insufficient to support an award. There it is said that "It has no probative force and is not calculated to ascertain the substantial rights of the parties." In that case the applicant testified that other people, including her own doctor, informed her that the ulcer on her leg resulted from the original injury. She also testified how the injury occurred. The award was annulled for lack of competent evidence to support it. It was held that it was within the province of the commission to disregard the testimony of the employer's experts that the then present ulcer was in no way related to the original injury, but when it did so, the record was entirely "devoid of evidence upon an ultimate fact on a scientific subject." Where the subject matter is within the exclusive knowledge of experts trained in a scientific subject, expert evidence is essential. (See *William Simpson Const. Co.* v. *Industrial Acc. Com., supra; Newton* v. *Industrial Acc. Com., supra; State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 195 Cal. 174 [231 P. 996].)

Respondents rely on *United Dredging Co.* v. *Industrial Acc. Com.*, 92 Cal.App. 110 [267 P. 763] ; *Moquin* v. *Industrial Acc. Com.*, 33 Cal.App.2d 511 [92 P.2d 413] ; *Singer* v. *Industrial Acc. Com.*, 105 Cal.App. 374 [287 P. 567] and *Brant* v. *Retirement Board*, 57 Cal.App.2d 721, 724 [135 P.2d 396]. In the United Dredging case, it was said that an award could be based on circumstantial evidence, and that from the facts proved the commission could infer that the employee accidentally fell overboard and was drowned. Indeed the opinion recited that "It was in evidence that death was caused from drowning." In the present case there is nothing in evidence bearing on the cause of death. In the Moquin case medical testimony was offered by the applicant to prove the existence of the hernia condition and its recent origin. In the Singer case there was the testimony of a physician as to the existence of a hernia. In the Brant case there was considerable medical testimony respecting the cause of death. A prima facie case of industrial injury was therefore made out in all those cases,

whereas here we have only evidence of death following exertion in the course of the employment, but no competent evidence showing that the exertion caused the death.

In *Travelers Ins. Co.* v. *Industrial Acc. Com.*, 33 Cal.2d 685, 687 [203 P.2d 747], it was said that "An award based solely upon evidence tending to prove only a possibility of industrial causation is conjectural and cannot be sustained." In *Fireman's Fund Indem. Co.* v. *Industrial Acc. Com.*, 93 Cal. App.2d 244, 246 [208 P.2d 1033], this court held that "expert evidence of a medical possibility taken with other evidence of a nonexpert character may be sufficient to support an inference of medical probability." But the evidence offered by the widow herein does not meet that test. ■ An award cannot be based on mere speculation that the injury was industrially caused. (See *California Cas. Indem. Exch.* v. *Industrial Acc. Com.*, 76 Cal.App.2d 836, 840-843 [174 P.2d 680]; *William Simpson Co.* v. *Industrial Acc. Com.*, 74 Cal. App. 239, 246, *supra*.)

■ As was said in *Hartford A. & I. Co.* v. *Industrial Acc. Com.*, 140 Cal.App. 482, 486, *supra*, "It is not sufficient that the referee or commission be satisfied as laymen of the correctness of their view, but the law requires that they shall reach their conclusion on the basis of legally competent evidence."

■ Petitioner also contends that there was error in excluding the Chamberlain report. The referee sustained the applicant's objection to it because Dr. Chamberlain was not the attending physician and his report was only a rationalized opinion based on the findings of others. Labor Code, section 5703, provides that the commission may receive as proof of any fact in dispute "Reports of attending or examining physicians" but Dr. Chamberlain's letter was not such a report. True, the referee might have received it in evidence, since Labor Code, section 5709, provides that the commission is not bound by common law or statutory rules of evidence or procedure. However, no abuse of discretion is shown in the rejection of it, since it was based on data not in evidence. (See *Thoreau* v. *Industrial Acc. Com.*, 120 Cal.App. 67, 72-73 [7 P.2d 767]; *Winthrop* v. *Industrial Acc. Com.*, 213 Cal. 351, 355 [2 P.2d 142]; *Nielsen* v. *Industrial Acc. Com.*, 125 Cal. App. 210, 212 [13 P.2d 517].)

■ Nor was there any abuse of discretion by the referee in denying the city's application for a continuance to enable it to produce as a witness Delmonte, who was working with

decedent when he collapsed. The transcript shows the following:

"Referee: Q. Well, why isn't he here today? Mr. Cohen: A. He is on his vacation, and we could not produce him. Referee: Well, that has nothing to do with the preparation of this case, and I see no reason to give another hearing, and that was ascertainable before the hearing. There is no reason to hold up this case, as far as I can see it. Mr. Cohen: There was one continuance at the request of the applicant. Referee: Well, we do not balance the situation."

There is nothing to show that petitioner had made any effort to have the witness present, nor that his testimony would be of value. No showing was made as to why he had not been subpoenaed. Labor Code, section 5700, provides that adjournments from time to time are in the discretion of the referee. The commission's rules of practice and procedure, rules 10773-10774, title 8, California Administrative Code, provide that continuances are not favored, and that a further hearing will not be granted except for good cause stated in detail in writing or on oral motion addressed to the referee. Petitioner has shown no abuse of discretion in this ruling.

█ The award must be annulled, however, because there is no competent evidence in the present record from which it may be inferred that the employee's death arose out of his employment.

The award is annulled and the proceeding remanded for such disposition as the commission may deem proper.

Nourse, P. J., and Dooling, J., concurred.