[Civ. No. 8200. First Appellate District, Division One.—August 26, 1932.]

H. BERZIN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, PACIFIC ELECTRIC MANUFAC-TURING CORPORATION et al., Respondents.

Arthur D. Klang and William Sea, Jr., for Petitioner.

A. I. Townsend for Respondents.

JOHNSON, J., *pro tem.*—This is a proceeding to review an award made by the Industrial Accident Commission in favor of the petitioner, H. Berzin, but which he contends furnishes insufficient compensation for the injury suffered.

From February, 1927, to July 16, 1930, Berzin was employed by the Pacific Electric Manufacturing Corporation as a grinder, whose work consisted of grinding brass, copper, iron and steel castings on an emery-wheel. In such grinding operations dust is created and, unless drawn off by mechanical devices, beclouds the atmosphere. Moreover, at times sparks fly from the metals as they are ground, and exposed parts of the body may thereby be burned. To carry off the dust and catch the sparks, blowers and guards were installed in October, 1929; but the system previously employed was not equally effective, and while that system was in use considerable dust generated by the grinding machines spread through the factory.

In June, 1930, sores appeared on Berzin's chest and arms, which, he said, were caused by burns due to flying sparks. He applied to the nurse in attendance at the plant, who, upon examination, concluded that he was suffering from boils or carbuncles, and applied a salve used to give relief from such ills.

Berzin left work on June 28th, and on June 30th he was sent by his employer, or its insurance carrier, the State Compensation Insurance Fund, to Dr. A. C. Armstrong, whose diagnosis was that there were numerous second degree

infected burns on the chest and left forearm, for which treatment was given. There was also found to be a small piece of steel in the right corneal margin which had been there a few days; and for the removal of this Berzin was sent to an oculist, who did what was needful. After receiving treatment for his ailments Berzin returned to work on July 17th, and continued to August 12th. While he was under treatment he had made application to the Illinois Pacific Coast Company for employment, and on August 22d he began work there in the corrugated fibre products department, and continued to October 15, 1930, when lack of work caused him to be laid off.

Berzin presented his application for compensation to the Commission on July 15, 1930, and thereafter an amended application was filed on which a hearing was had. In this latter application he specified that he had sustained injury to the lungs through inhaling the dust produced in the grinding processes; that the chest had been burned by sparks, and that there was an infection of the right eye. After taking considerable testimony the Commission found that Berzin had sustained an injury in that a foreign body entered the right eye and sparks had caused minor burns on the chest, but that any other symptoms were not caused or exacerbated by such injury. The Commission found further that Berzin was entitled to compensation for temporary total disability from June 28 to July 16, 1930, in the sum of $23.48, and made an award in that amount less a certain payment made. It is contended on behalf of the petitioner that the vision of the right eye was impaired; that infection from burns is continuing to cause sores to break out on various parts of the body, and that the lungs have been infected by dust inhaled in the grinding processes. And it is insisted that as a result of such injuries the petitioner has been incapacitated for work, and that the award does not afford reasonable compensation.

So far as the eye is concerned, the evidence shows that there was a small particle of steel in the corneal margin of the right eye, and that after that speck had been removed, and office treatment had been given for seven days by the oculist, the inflammation in the eye was cured, and no disability resulted. The weakened vision of which the

petitioner complains appears to be that common to advancing years.

Regarding sores on the body, which have broken out from time to time since Berzin's employment as a grinder ceased, the medical testimony of Dr. Newman and Dr. Kruse is strongly to the effect that he is a sufferer from small skin infections, known as furuncles or boils, and that they are attributable to two causes having no relation to his employment, but due to Berzin's own bodily conditions. The medical reports show that he has an oily skin, technically called seborrheic skin, which spontaneously develops furuncles; and in addition there are evidences of diabetes, which is also a frequent cause of the same trouble. These two conditions are said to be sufficient to cause recurring furuncles.

In making its findings the Commission gave Berzin the benefit of Dr. Armstrong's report that at the time his treatment of Berzin began Berzin was suffering from burns; but there is no evidence that would justify a finding that any sores which developed at a later time were caused by any of the conditions of the employment.

In respect of alleged injury to the lungs, Berzin said that about January, 1930, his chest began to feel heavy; that he suffered from dizziness and loss of appetite, and felt sick all the time. According to the medical report made by Dr. Kruse in June, 1931, Berzin complained to him at that time of continual pounding in the chest, and of shortness of breath, especially when exerting himself and when lying down at night. The X-ray report showed "increased bronchial markings" in the lungs but no active disease. Berzin's general health was affected by inflammation of the bladder, infection due to pyorrhea and some degree of arteriosclerosis. Dr. Kruse attributed the shortness of breath, the pounding of the heart and the feeling of weakness to constitutional factors, and not to any industrial injury.

The burden of proving the injuries of which the petitioner complained was upon him; and from the evidence it cannot be said as a matter of law that at the time of the hearing he was suffering from a compensable disability proximately caused by the conditions of his former employment, or that there was at any previous time a dis-

ability other than that for which due compensation was awarded.

■ There is some evidence of bronchial and heart affection, and there is a possibility that these conditions may have some connection with Berzin's employment as a grinder. While blowers to carry off the dust were installed in October, 1929, Berzin was exposed to a dust-laden atmosphere from the time of his employment in February, 1927, to October, 1929, or a period of about two years and eight months. Such conditions sometimes cause a latent and progressive disease known as pneumoconiosis, denoting a disease of the lungs due to dust, which may induce respiratory infections, and which may not culminate in a disability until long after exposure has ceased. At the time of the hearing, however, there were no positive evidences of pneumoconiosis in this case, and liability under the Workmen's Compensation Act cannot be made to rest on surmise or conjecture. There must always be established by preponderant evidence an unbroken causal connection between the injury and the employment or the conditions under which the employee was required to perform his work, and any award made must have for its basis a firm foundation of fact. (*London G. & A. Co.* v. *Industrial Acc. Com.*, 202 Cal. 239, 241 [54 A. L. R. 1392, 259 Pac. 1096]; *Singlaub* v. *Industrial Acc. Com.*, 87 Cal. App. 324, 332 [262 Pac. 411]; *Madore* v. *New Departure Mfg. Co.*, 104 Conn. 709, 712–716 [134 Atl. 259].)

■ In the record before us in this case we find nothing that would justify us in annulling the award of the Commission. But inasmuch as the medical report indicates traces of bronchitis, which sometimes develops from pneumoconiosis as a secondary effect long after exposure has ceased, we do not think that the findings and award should bar the petitioner from renewing his application in case there shall hereafter be proof that a latent and progressive disease was contracted by Berzin by reason of inhalation of dust in performing the duties of his employment, and that a compensable injury has proximately resulted therefrom. Such privilege can be safeguarded by modification of the award so that it shall be without prejudice to a right of renewal under the conditions stated.

It is ordered that the last sentence of the award, now reading, "It is ordered that the employer herein be dis-

missed and discharged from liability herein," be, and it is, modified to read: "It is ordered that the employer herein be dismissed and discharged from liability herein, but without prejudice to the right of the applicant, H. Berzin, to renewal of his application for adjustment of claim for compensation, in case there shall hereafter be proof that a latent and progressive disease was contracted by said applicant by reason of inhalation of dust in the course of, and out of, his employment by his said employer, Pacific Electric Manufacturing Corporation, and that a compensable injury has proximately resulted therefrom." As so modified the award is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.