[Civ. No. 11831. First Dist., Div. One. Oct. 28, 1941.]

PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ANNA COLLINS, Respondents.

W. N. Mullen for Petitioner.

Everett A. Corten and J. Gould for Respondents.

WARD J.—A writ of review to determine whether there is any evidence to support an award of compensation by the Industrial Accident Commission based upon a finding that a varicose ulcer from which applicant was suffering constituted a new and further disability proximately caused by an injury for which she had already received medical treatment.

The following facts are admitted: The applicant, Mrs. Anna Collins, on March 15, 1938, in the course of her em-

ployment as a maid in a hotel, sustained an accidental trauma to her left leg when she struck it against an article of furniture. In August of the same year she again bumped the same leg in the same way, resulting in an aggravation of the previous injury, and in September in a like manner she again struck it, further aggravating its condition. In October, 1938, she sought treatment from her personal physician. Subsequently between November 15, 1938, and January 4, 1939, upon which latter date the condition complained of was "completely cleared," petitioner insurance carrier furnished medical treatment for the .combined injuries received as a result of the three accidents. On January 20, 1939, applicant again consulted the physician for the insurance carrier with regard to "itching blister-like formations on the posterior surface of her left leg, about the ankle and heel area." Some time thereafter, from September 25, 1940, to October 7, 1940, upon the direction of the insurance carrier Mrs. Collins was hospitalized for a broken toe, also suffered in the course of her employment but entirely unrelated to the injuries of 1938. During the course of this hospitalization applicant was found to be suffering from extensive chronic varicose ulcers on both legs, which, because of the "odor and purulent discharge" were treated by changes of dressing, etc. The patient was advised that the hospitalization of the ulcers was not covered by industrial compensation insurance. Prior to her release from the hospital for the toe injury, the ulcers had completely disappeared except for the scarred areas left by them.

On March 26, 1941, applicant was suffering from an ulcerated area on the left leg which she claimed to be at the site of the original injury of 1938; she further claimed the original injury was the cause of such new and further disability. The evidence strongly preponderates in favor of petitioner. The 1941 examination revealed a chronic varicose ulcer "over the medial aspect of the left lower leg just above the medial malleolus"; that is, just above the ankle. Medical reports written long prior to the 1941 ulcerous disability definitely placed the "site" as "over the crest of the left tibia"; and according to a report rendered by applicant's personal physician the original ulcer was "about four inches above her ankle." The applicant indicated the site of the original injury, designated by the referee as "Right in the region of the

malleolus, in back of it a little," by pointing to the 1941 ulcer. On this issue, the "site" of the original injury, the commission disregarded the testimony of the examining physicians and accepted that of the applicant. "It is of course conceded that reviewing courts may not invade the field of the fact-finding body, and that under well-settled rules where a conflict of evidence exists the findings of the triers of the facts are conclusive. . . . " (*Thoreau* v. *Industrial Acc. Com.*, 120 Cal. App. 67, 73 [7 Pac. (2d) 767].) In the Thoreau case the rule "is limited to cases where the conflict is substantial and real, and not fanciful or fictitious." In *Southern Pac. Co.* v. *Railroad Com.*, 13 Cal. (2d) 125 [87 Pac. (2d) 1052], wherein it was held that there was no evidence to support a finding, the court, at page 129, quoted with approval the following language from *Pacific Gas & Electric Co.* [Stacey Bros. Co.] v. *Industrial Acc. Com.*, 197 Cal. 164 [239 Pac. 1072] : " ' 'the findings of the . . . Commission are subject to review only in so far as they have been made without any evidence whatever in support thereof. [Citing cases.] In short, if the facts show substantially without conflict that there is no evidence to support the finding, the Commission was without jurisdiction to make the same. There must be *some* evidence, upon which the finding of special employment is predicated, . . . ' (Emphasis added.) See, also, *Nielsen* v. *Industrial Acc. Com.*, 125 Cal. App. 210 [13 Pac. (2d) 517]. In *Children's Hospital Soc.* v. *Industrial Acc. Com.*, 22 Cal. App. (2d) 365 [71 Pac. (2d) 83], where there was a total lack of evidence to support the finding, it was said that 'an award of compensation may not be based upon surmise, conjecture or speculation.' " In the present proceeding on review respondent commission is content to argue that "the second ulcer . . . made its appearance in the region of the original injury, if not in the exact site of the first ulcer." For the purpose of continuing consideration of this appeal it may be assumed that the "site" of the present ulcer is at least in the region of the original injury.

 Evidence that the recent ulcer is in the exact site or in the region of the original ulcer, standing alone, is not sufficient upon which to base an award upon the ground that the original "injury proximately caused a new and further disability." The location of the latest ulcer in the re-

gion of the former may be proved by testimony of a layman who observed its external appearance, but it would seem that the cause of such ulcer could be best proved by one having expert scientific knowledge. As stated in a report of one of the examining physicians, there is preponderating evidence "that the repeated development of varicose ulcers is due entirely to her poor circulation resulting from her pre-existing varicose vein condition and should in no way be considered related to her previously alleged injury of 1938 and should not be considered industrial in origin." As stated, in 1939, more than a year before the ulcer here complained of was reported, applicant suffered another ulcer on the "posterior surface of her left leg, about the ankle and heel area." The physician at that time, Dr. Cox, on January 20, 1939, reported as follows: "This patient originally gave a history of two blows to the crest of the left tibia, many months before she reported here. As noted in our reports, this patient has varicosities which should be treated and at any time she is likely to have broken down areas, these conditions being unrelated to her work. The ulceration was entirely healed at the time she last reported to our office on January 4th, and upon examination to-day it was still healed. There is no relation between the original condition and the one found to-day. . . . " The correctness of this evidence is not attacked. There is no expert evidence to the contrary, although respondents claim that applicant denied Dr. Cox had examined her on January 20th. In this respect the transcript of evidence indicates that applicant referred to a visit to the office of Dr. Cox in March of 1941 and not January 20, 1939.

Respondents contend that "the Commission had in its possession sufficient and substantial evidence on which to reach a conclusion that the second ulcer was a recurrence of disability proximately and naturally related to the original injury, and hence 'a new and further disability.' " This contention is based upon a statement by applicant to the effect that the original ulcer site was still raw and painful after her release by petitioner's doctor on January 4, 1939. Mrs. Collins, the applicant, referring to the second and third injuries testified: "I don't think really the other two knocks done any damage at all. . . . It healed up, it has healed up and then it opened up again"; that at the time the medical treat-

ments ceased in 1939 the sore had "healed over"; that she had suffered from varicose conditions since she was a child, and that all of the ulcers disappeared during her stay in the hospital for the treatment of her toe. At the time of the hearing before the commission applicant had both legs bandaged. She admitted that she had the same ulcer condition on her right leg that she had on her left, but that her right leg did not bother her.

We cannot approve an award based upon a claim that the foregoing evidence was of sufficient and substantial character to justify a conclusion that the recent ulcer was a recurrence of disability proximately related to the original injury. The record does not disclose any evidence that the applicant was qualified to testify in regard to this matter.

The finding of respondent commission is based upon hearsay testimony. Respondents argue that the applicant testified that other people, including her own doctor, told her the original injury was responsible for her present condition. The only statement from applicant's personal physician appearing in the record is as follows: "Mrs. Collins consulted me on October 25, 1938. She had a large ulcer on her left leg, about four inches above her ankle. She stated that a couple of weeks previous she was moving furniture while at work and bumped her leg against a chair. The ulcer had appeared since that time." This statement does not uphold respondents' contention. Assuming that applicant's personal physician or others made statements as she claims, such testimony is hearsay.

Hearsay evidence is admissible before respondent commission (*Continental Casualty Co.* v. *Industrial Acc. Com.*, 195 Cal. 533 [234 Pac. 317]) when it is best calculated to ascertain the substantial rights of the parties (Labor Code, sec. 5708). A material finding based entirely upon hearsay testimony of an incompetent witness is insufficient. It has no probative force and is not calculated to ascertain the substantial rights of the parties. (*Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435 [113 N. E. 507, Ann. Cas. 1918B, 540]; *Rockefeller* v. *Industrial Com. of Utah,* 58 Utah 124 [197 Pac. 1038].) In *Continental Casualty Co.* v. *Industrial Acc. Com., supra,* referring to the above Labor Code, sec. 5708, the court said (pp. 540–541): "While the terms of this section

are broad and comprehensive, covering as they do the *admission into the record and use as proof* of any fact in dispute of any evidence objectionable under the common law and statutory rules, yet it was not intended thereby that it would be any the less the duty of the Commission to follow the prescribed procedure and rules of evidence. In other words, it still remains the duty of the Commission to conduct the proceedings so that there will be as little occasion as possible for the courts to resort to the said rule of decision.''

'' . . . any award made must have for its basis a firm foundation of fact.'' (*Berzin* v. *Industrial Acc. Com.*, 125 Cal. App. 522, 526 [14 Pac. (2d) 97]; *London Guar. & Acc. Co., Ltd.*, v. *Industrial Acc. Com.*, 202 Cal. 239 [259 Pac. 1096, 54 A. L. R. 1392].) ■ The weight to be given hearsay evidence is to be determined by the commission. If it carries conviction with the commission, it may be sufficient to uphold an award (27 Cal. Jur., sec. 152, p. 483), but it must be evidence of a substantial character from which the commission may deduce a reasonable inference. ■ The legislature, with the purpose of permitting laymen who often serve as commissioners to ascertain the substantial rights of the parties appearing before it, has broadened the rules of evidence to the extent of permitting the reception of ''excerpts from expert testimony received by the commission upon similar issues of scientific fact in other cases'' (Labor Code, sec. 5703), but no provision has been made that a layman may testify to a scientific fact the competency and credibility of which is derived only upon the scientific knowledge of some other person. The record does not disclose the reception of excerpts from expert evidence in other cases, nor do the findings indicate such fact. ■ Witnesses of common experience from ordinary observation and obvious facts may testify as to the existence of a physical or mental condition, but the pathological cause of an ailment is a scientific question upon which it is necessary to obtain scientific knowledge. (20 Am. Jur. 719–736.) ■ Hearsay evidence of statements of an injured party as to the manner in which the injury occurred, though meager, may be sufficient upon which to base an award (*Sada* v. *Industrial Acc. Com.*, 11 Cal. (2d) 263 [78 Pac. (2d) 1127]; *Employers' etc. Corp.* v. *Industrial Acc. Com.*, 42 Cal. App. (2d) 669 [109 Pac. (2d) 716]), but where the subject matter is within the exclusive

knowledge of experts trained in such scientific subject, then expert evidence is essential. (*William Simpson C. Co.* v. *Industrial Acc. Com.*, 74 Cal. App. 239 [240 Pac. 58]; *Newton* v. *Industrial Acc. Com.*, 204 Cal. 185 [267 Pac. 542, 60 A. L. R. 1279]; *State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 195 Cal. 174 [231 Pac. 996].)

The commission evidently disregarded the testimony of experts introduced by the petitioner herein to the effect that the present ulcer was in no way related to the original injury. This was within the province of the commission, but it leaves the record devoid of evidence upon an ultimate fact on a scientific subject. However, the applicant testified before the commission that she had been afflicted with ulcers since she was a child. Certainly this raised a question as to whether the present ulcer was a recurrence due to the original injury or was the result of a pre-existing condition. It presented a question of pathology.

The commission does not contend that the statement of the applicant, assuming it to be true, that "a lot" of other unidentified persons told her the present ulcer was caused by the original injury, is substantial evidence. At least no mention of it is made in the answer or in the "argument and authorities" submitted by respondents, nor do respondents mention the fact that applicant testified: "My own doctor told me that was the cause." Assuming the truthfulness of applicant's statement that her personal physician told her in substance that the present ulcer was caused by the injury of 1938, there is no evidence that the personal physician could give any assistance in solving the question—there was no evidence, indirect or otherwise, that he was qualified to testify upon the subject.

The record has been examined for some substantial evidence to uphold the commission. When facts peculiarly within the knowledge of experts are required, even though contradicted by nonexpert evidence (*Hines* v. *Industrial Acc. Com.*, 215 Cal. 177 [8 Pac. (2d) 1021]), and assuming the power of the commission to reject the expert testimony as not conclusive (*Arais* v. *Kalensnikoff*, 10 Cal. (2d) 428 [74 Pac. (2d) 1043, 115 A. L. R. 163]), still when evidence, as in this proceeding, was necessary to show that the second ulcer was a recurrence of disability proximately related to an origi-

nal injury, competent evidence should have been produced in support of the claim.

It appears that applicant's personal physician was probably available as a witness; applicant visited him several days before the commission hearing. That the 1941 ulcer was an aggravation of that of 1938 and constituted a further industrial disability, was a jurisdictional fact essential to the support of the award. If the statement of the applicant be eliminated, as it should be, there is an entire lack of proof of this jurisdictional fact. (*Barton* v. *McDermott*, 108 Cal. App. 372 [291 Pac. 591]; *Baker* v. *Industrial Acc. Com.*, 135 Cal. App. 616 [27 Pac. (2d) 769]; *County of Los Angeles* v. *Industrial Acc. Com.*, 123 Cal. App. 12 [11 Pac. (2d) 434]; *Southern Pac. Co.* v. *Railroad Commission, supra*.)

The award is annulled and the proceeding remanded for such disposition as the commission may deem proper.

Peters, P. J., and Knight, J., concurred.