[Civ. No. 24534.   Second Dist., Div. Two.   June 24, 1960.]

PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and CHARLES W. CASEY, Respondents.

Clopton & Penny and Robert C. Wreisner for Petitioner.

Everett A. Corten and Edward A. Sarkisian for Respondents.

KINCAID, J. pro tem.*—Respondent commission granted reconsideration of a referee's award of compensation to respondent Casey, hereinafter referred to as the ''employee'' or ''applicant.'' The award imposed upon petitioner the obligation, ''to treat a nonindustrial condition; to wit, malignancy of the prostate and metastasis thereof to the spine.'' Upon reconsideration, the award was affirmed.

Petitioner seeks review and annulment, challenging only the imposition upon it of said obligation. The facts are not disputed.

*Assigned by Chairman of Judicial Council.

## The Question Presented

Does the evidence herein support the commission's finding imposing obligation upon petitioner to treat the cancer? Concededly if the finding imposing an obligation upon petitioner to treat the cancer is erroneous, then the finding that the injury caused temporary disability is also erroneous.

It also seems conceded that the type of injury here claimed is one which by its very nature must be proved solely by expert medical evidence.

## Statement of the Facts

On August 11, 1957, the employee, while working as a hotel manager, was called upon to assist a guest of the hotel who had fallen down. The guest was put upon a chaise lounge, to be moved, and the employee lifted one end of the chaise. When they had carried the guest about 40 feet he felt pain in the back, at the level of the shoulder blades. The employee has not been free of pain since.

The employee continued working until October 15, 1957. He then left his employment both because of the pain and a disagreement with the employer. Before leaving the employment, the employee (on his own) made a single visit to Dr. Stevens, who ascribed the pain to a mid-back strain and prescribed an ointment.

After leaving the employment, the employee did no further work. The precise nature or extent of his activity is not disclosed by the record. He continued to have pain between the shoulder blades.

From December, 1957 until January, 1958, employee was treated by his own Dr. Gray for complaints referable to the mid-back.

On the morning of February 3, 1958, the employee was getting out of bed when he fell and was unable to move from the chest down. On February 7th following his becoming paralyzed, he was operated on resulting in a fusion of his number 3-4-5 and 6 dorsal vertebrae.

Following institution of these proceedings employee was examined by Dr. Morrell. After findings and award by the referee the commission granted a petition for reconsideration upon the ground that the medical evidence of Dr. Morrell failed to support the decision of the referee. In this respect the commission said: "The Panel believes that, summarizing all of Dr. Morrell's testimony, and with particular emphasis

upon his concluding testimony above quoted, that the Doctor said no more than that applicant suffered some injury to his thoracic spine which caused disability prior to that which would naturally have resulted from the metastasis of the cancer. Nothing in the Doctor's testimony indicates that he believed the metastasis was hastened or the development of the cancer in and around the thoracic spine was accelerated by the injury. He then points out that at some point of time, disability due to the cancer took over, with the resulting necessary surgery and treatment. The Panel fails to read into Dr. Morrell's testimony all that the Referee seemed to believe was contained therein.''

Upon granting reconsideration, the panel suggested reference of the matter to an independent medical examiner. Dr. Hare was appointed and following examination gave it as his opinion that: ''The malignancy of the prostate, once it has broken through the capsule of the prostate, tends to spread to bone, and the onset of pain in the site of the metastases is often the first symptom of cancer being present. It has been shown that early involvement of bone by cancer is not detectible by x-ray. It is well known that a malignancy may be aggravated by an injury if the disease is present at the time of injury, but it is not my opinion that it would produce a premature metastasis.''

The panel concluded that, '' [i]n view of the previous evidence upon which the decision under attack was based, the Commission concludes that the report of Dr. Hare preponderates in favor of the applicant; and, therefore, the previous award should be affirmed.''

It is the position of respondent commission herein that the employee was totally temporarily disabled by the industrial injury of August 11, 1957, when, on February 3, 1958, he fell and suffered the paralyzing additional injury. It is not claimed that the industrial injury brought on the cancer, but the effects of the cancer might, according to Dr. Hare's opinion, have been aggravated by the industrial injury. It was the commission's view that the injury did aggravate the cancer. Thus, the cancer became tied—so to speak—to the injury and was an ''effect'' thereof (Lab. Code, § 4600). That section, in pertinent part, requires that the employer provide medical and other treatment and care, ''reasonably required to cure or relieve from the effects of the injury . . .''

Petitioner argues there is nothing in the evidence to support the conclusion either that the claimed injury produced or pre-

cipitated the cancer or aggravated it. The commission seems to admit such an injury could not have produced the condition; so the sole question remains as to whether the evidence supports the conclusion that the injury aggravated it.

As to the testimony of Dr. Morrell, petitioner contends its effect is merely to give an opinion that the employee suffered a back strain or sprain which produced certain symptoms and that thereafter "the cancer did come along" and produce disability not related to the injury.

With reference to the testimony of Dr. Hare, upon which the commission relies, petitioner contends that just because Dr. Hare believes an injury may aggravate a malignancy, is not sufficient evidence upon which to base a finding that it did do so. We agree with this contention.

Nowhere in the entire medical record, including the testimony of Dr. Morrell, is there credible evidence tending to show: (1) That the carcinoma or its metastases was aggravated, hastened or any way affected by the alleged injury or (2) that the employee is in need of treatment on account of the effects of the back strain or sprain and that therefore the cancer condition must be treated first in order to permit treatment for said back strain or sprain. Furthermore, there is no evidence that the employee's existing disability is attributable to any pathology other than the carcinoma and its metastases. Dr. Hare's expression of his belief, and apparently that of the medical profession that "a malignancy may be aggravated by an injury" can hardly support a finding that this malignancy was aggravated by this alleged injury. If the employee or respondent commission wished to ascertain from Dr. Hare, in addition to his belief that "an injury" may aggravate a malignancy, whether or not the alleged injury did aggravate this malignancy, each had an opportunity to so interrogate the doctor. Having not done so, neither is now in a position to argue that he meant something which he did not state in his report, i.e., that the alleged injury in question aggravated this employee's malignancy.

The implied finding of the commission that the injury to the employee's back aggravated his cancer is not supported by the requisite expert evidence. (*Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.*, 47 Cal.App.2d 494, 500 [118 P.2d 334].) The belief that some disabling pathology "may" have been aggravated by an industrial injury does not support a finding by the trier of fact that said pathology was so aggravated.

(*Sanders* v. *MacFarlane's Candies,* 119 Cal.App.2d 497, 500 [259 P.2d 1010] ; *Sears, Roebuck & Co.* v. *Walls,* 178 Cal. App.2d 284, 288-290 [2 Cal.Rptr. 847].)

It follows that the evidence herein fails to support any finding of industrial causation or aggravation and petitioner is not obligated for continued treatment of the cancer or liable for continuing temporary disability.

The award is annulled.

Fox, P. J., and Ashburn, J., concurred.